## COMMONWEALTH *vs.* MATTHEW ADAMS.

One who negligently drives over another is not guilty of a criminal assault and battery, although he does it while violating a city ordinance against fast driving.

COMPLAINT for assault and battery.

At the trial in the Superior Court, before *Bacon*, J., it appeared that the defendant was driving in a sleigh down Beacon Street, and was approaching the intersection of Charles Street, when a team occupied the crossing. The defendant endeavored to pass the team while driving at a rate prohibited by an ordinance of the city of Boston. In so doing, he ran against and knocked down a boy who was crossing Beacon Street. No special intent on the part of the defendant to injure the boy was shown. The defendant had pleaded guilty to a complaint for fast driving, in violation of the city ordinance. The Commonwealth asked for a verdict, upon the ground that the intent to violate the city ordinance supplied the intent necessary to sustain the charge of assault and battery. The court so ruled, and thereupon the defendant submitted to a verdict of guilty, and the judge, at the defendant's request, reported the case for the determination of this court.

*A. Russ*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

ENDICOTT, J. We are of opinion that the ruling in this case cannot be sustained. It is true that one in the pursuit of an unlawful act may sometimes be punished for another act done without design and by mistake, if the act done was one for which he could have been punished if done wilfully. But the act, to be unlawful in this sense, must be an act bad in itself, and done with

an evil intent; and the law has always made this distinction. that if the act the party was doing was merely *malum prohib-itum*, he shall not be punishable for the act arising from misfortune or mistake; but if *malum in se*, it is otherwise. 1 Hale P. C. 39. Foster C. L. 259. Acts *mala in se* include, in addition to felonies, all breaches of public order, injuries to person or property, outrages upon public decency or good morals, and breaches of official duty, when done wilfully or corruptly. Acts *mala prohibita* include any matter forbidden or commanded by statute, but not otherwise wrong. 3 Greenl. Ev. § 1. It is within the last class that the city ordinance of Boston falls, prohibiting driving more than six miles an hour in the streets.

Besides, to prove the violation of such an ordinance, it is not necessary to show that it was done wilfully or corruptly. The ordinance declares a certain thing to be illegal; it therefore becomes illegal to do it, without a wrong motive charged or necessary to be proved; and the court is bound to administer the penalty, although there is an entire want of design. *The King* v. *Sainsbury*, 4 T. R. 451, 457. It was held in *Commonwealth* v. *Worcester*, 3 Pick. 462, that proof only of the fact that the party was driving faster than the ordinance allowed was sufficient for conviction. See *Commonwealth* v. *Farren*, 9 Allen, 489; *Commonwealth* v. *Waite*, 11 Allen, 264. It is therefore immaterial whether a party violates the ordinance wilfully or not. The offence consists, not in the intent with which the act is done, but in doing the act prohibited, but not otherwise wrong. It is obvious, therefore, that the violation of the ordinance does not in itself supply the intent to do another act which requires a criminal intent to be proved. The learned judge erred in ruling that the intent to violate the ordinance in itself supplied the intent to sustain the charge of assault and battery. The verdict must therefore be set aside, and a *New trial granted*