COMMONWEALTH vs. CHARLES R. MOODY.

Suffolk. Nov. 22, 1886. — Jan. 4, 1887. HOLMES & GARDNER, JJ.,
absent.

A complaint on the St. of 1885, c. 342, § 1, alleged that the defendant, at a time
and place named, kept a certain room in a building described, and occupied
"said room with apparatus, books, betting-tickets, and other devices, for the
purpose of registering bets and of buying and selling pools upon the results of
trials and contests of skill, speed, and endurance of men, beasts, birds, and
machines, and upon the results of certain games of ball to be played between
contesting base-ball players." *Held*, that the complaint was not bad for
duplicity.

COMPLAINT to the Municipal Court of the city of Boston, on
the St. of 1885, c. 342, § 1, alleging that the defendant, on Jan-
uary 3, 1886, and on divers other days and times between that
day and the day of making this complaint, July 3, 1886, at Bos-
ton, "did keep a certain room in the second story of the building
numbered two hundred and twenty-one in Washington Street,
in said Boston, and within said district, and did then and on
said other days and times there occupy said room with appara-
tus, books, betting-tickets, and other devices, a further descrip-
tion of said apparatus, books, betting-tickets, and other devices
being to the complainant unknown, for the purpose of register-
ing bets and of buying and selling pools upon the results of
trials and contests of skill, speed, and endurance of men, beasts,
birds, and machines, and upon the results of certain games of
ball to be played between contesting base-ball players, against
the peace of said Commonwealth and the form of the statute in
such case made and provided."

In the Superior Court, on appeal, the defendant moved to
quash the complaint, on the ground that the same was bad for
duplicity. This motion was also made and disallowed in the
court below. *Staples*, J., overruled the motion. The defendant
then entered a plea of *nolo contendere*, which was accepted by
the government.

The judge, at the defendant's request, reported the case to
this court for its decision of the question of law arising on said
motion to quash.

If the motion to quash should have been allowed, the defendant was to have leave to withdraw his plea of *nolo contendere*, and the complaint was to be quashed; otherwise, judgment to be entered on the plea.

*F. F. Heard & C. J. Brooks*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

C. ALLEN, J.   The objection on the ground of duplicity cannot be supported:   The offence charged is not the registering of a bet, or the selling of a pool, although these are criminal acts; but the keeping of a room for the purpose of doing those things. It makes no difference, in this respect, how many different unlawful or criminal purposes the room was kept for.   The offence of keeping it for those various purposes is a single one, and may properly be charged in one count.   *Commonwealth* v. *Kimball*, 7 Gray, 328, 330.                    *Judgment for the Commonwealth.*