## COMMONWEALTH *vs.* FRANK FERRY.

Suffolk. February 3, 1888. — February 29, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Complaint — Certainty — Duplicity — Pool — Evidence.*

A pool is a combination of stakes, the money derived from which is to go to the winner.

The St. of 1885, c. 342, § 1, forbidding the "registering bets" or "buying or selling pools" on the results of various contests, describes but a single offence.

A complaint on the St. of 1885, c. 342, § 1, alleged that the defendant was present on a day certain, in a room equipped with "apparatus, books, and other devices," and was there engaged in the "business and employment of registering bets and selling pools" on the results of contests of speed between horses. *Held,* that the complaint was sufficient without a detailed description of the apparatus or of particular contests.

The averments "business and employment" and "registering bets and selling pools" in such a complaint do not render it bad for duplicity.

At the trial of such a complaint, on appeal, if the evidence as to the date of the offence corresponds with the allegation of the complaint, the jury, in the absence of proof to the contrary, may presume the offence proved to be the same as that of which the defendant was convicted in the lower court, especially if it appears that he there contended that there was not evidence enough to convict him of the offence on that day.

Evidence that the room was, during ten days prior to the date alleged, occupied for "registering bets and selling pools," is competent on the issue whether it was so kept on that date.

An instruction to the jury, that if the defendant was "present in any such place as that named in the statute, that is, any place like or similar" thereto, he would be guilty, could not have misled the jury into supposing that the defendant could be convicted unless he was present in a place of the character defined in the statute.

COMPLAINT, under the St. of 1885, c. 342, § 1, by one Chase, to the Municipal Court of the city of Boston, alleging that at the time of the commission of the offence therein set forth a certain room in a certain building in Boston " was kept and occupied by some person whose name is unknown to said Chase, with apparatus, books, and other devices—a more particular description of said apparatus, books, and devices is to said Chase unknown — for the purpose of registering bets, and of buying and selling pools upon the results of trials and contests of skill, speed, and endurance of men, birds, beasts, and machines," and that the defendant, on May 28, 1887, " was present in said room, and then and there engaged in the business and employment of registering bets and selling pools upon the results of certain trials and contests of speed between contesting beasts, to wit, contesting horses."

In the Superior Court, on appeal, before the jury were impanelled, the defendant renewed a motion, which was made and overruled in the Municipal Court, to quash the complaint, for the following reasons: " 1. That the complaint herein does not fully, plainly, substantially, and formally allege against him any crime or offence known to the laws of this Commonwealth.    2. Because the apparatus, books, and other devices referred to in said complaint are not described, nor are the uses and purposes for which they were designed and intended set forth; nor is it alleged in said complaint that said apparatus, books, and other devices were not intended and designed for use for lawful purposes.    3. Because said defendant is therein charged with being engaged in both the business and employment therein set forth. 4. Because the defendant is therein alleged to have been engaged in the business and employment of both registering bets and selling pools.    5. Because the method or manner of registering the bets and selling the pools, referred to in said complaint, is not stated or described, and because said bets and pools are not defined or described; nor are the facts and circumstances connected with the alleged registering of bets and selling of pools, referred to in said complaint, set forth or referred to. 6. Because the trials and contests of speed between contesting beasts, viz. contesting horses, therein referred to, are not sufficiently described; and because said contesting beasts, viz. con-

testing horses, are not sufficiently described. *Bacon, J.,* over-ruled the motion.

At the trial, the first witness called by the government testified to numerous visits to the room between May 18 and May 28, 1887, inclusive, and that upon these occasions the defendant was present in the room, and engaged in doing certain things specified by the witness, which tended to show that the defendant was then and there engaged in the business named in the complaint. The defendant objected to the admission of evidence connecting the defendant with the room upon more than one date, and demanded that the government should elect a particular date upon which it would rely. The judge ruled that the evidence objected to should be admitted for the purpose of showing the character of the business carried on in the premises, and declined to order the government to elect a particular date upon which it would rely for conviction until all the evidence was in. When the evidence was in, the government elected May 28, 1887, as the date upon which it would rely. In his charge to the jury, the judge referred to the evidence which had been admitted, as to what took place in the premises at different times from that named in the complaint and relied upon by the government, and instructed the jury that they should consider it only as it related to the question whether the premises were kept for the purpose named in the complaint on May 28, and for that purpose alone.

Upon cross-examination of the government's witnesses, it appeared that in the court below evidence was introduced tending to show that the defendant was engaged in the business named in the complaint in the premises referred to upon several dates other than May 28, and a stenographer, called by the defendant, on cross-examination, produced a memorandum made by him in the trial below, that counsel for the defendant " claimed that the evidence was not sufficient to prove that any offence was committed on the date named." The defendant requested the judge to order a verdict for the defendant, on the ground that the government had failed to show that the offence upon which it sought to convict the defendant in the Superior Court was the identical offence upon which he was convicted in the court below; but the judge declined so to rule.

The defendant requested the judge to require the government

to elect whether it would ask the jury to convict the defendant of being in the business, or in the employment, referred to in the complaint; and also whether he would ask the jury to convict the defendant of being engaged in the business or employment of buying or selling pools, or in that of registering bets. The judge declined to comply with this request, and ruled that, if the defendant was proved to have been engaged either in the business or employment of buying or selling pools or registering bets he might be convicted.

The defendant requested the judge to instruct the jury as follows: " 1. In order to convict, the jury must find every element present in the case; viz. that the defendant was, upon the date named, present in a place or room fitted with apparatus, books, and other devices designed and intended for the purpose of registering bets and of buying and selling pools upon the results of certain trials and contests of speed between contesting beasts, to wit, contesting horses, and was then and there engaged in the business and employment of registering bets and selling pools upon the results of said trials and contests. 2. The things sold by the defendant, if he sold anything, must have been pools within the meaning of the statute, and that the following are standard definitions of a pool: ' the stakes played for in certain games '; 'the stake played for in certain games of cards.' 3. If the jury are not satisfied beyond a reasonable doubt that it was true, at the time the complaint was drawn, that Chase, the complainant, did not have and could not give a more particular description of the apparatus, books, and other devices in the premises named in the complaint than that contained in the complaint, there is a variance between the allegation and the proof, and the jury must acquit the defendant. If Chase had, and could have given, a fuller and better description of said apparatus, books, and devices, he was bound to do so, and the absence of it is fatal to the complaint. The offence must not only be proved as charged, but it must be charged as proved."

The judge declined so to instruct, but gave the following instructions: 1. In order to convict they must find every element present in the case; viz. that if the defendant, at the time named, was present in any such place as that named in the statute, that is, any place like or similar to that named in the

statute, and was then and there engaged in any such business or employment as that named in the statute, he would be guilty. 2. A pool, generally speaking, is a combination of stakes; and within the meaning of the law, a pool is money that has been paid in by those who have bought a right in it, and which is to be paid over to the winner, if he gets the right number in a game of chance. 3. The character of the apparatus, books, and other devices referred to in the complaint, was immaterial, and need not be proved; and the evidence which had been offered by the defendant, tending to show that Chase, the complainant, at the time the complaint was made by him, had and could have given a more particular description of said apparatus, books, and devices than that contained in the complaint, was immaterial.

After a verdict of guilty, the defendant moved in arrest of judgment, assigning the same reasons as for the motion to quash. This motion was overruled; and the defendant alleged exceptions.

*E. W. Burdett*, for the defendant.

*A. J. Waterman*, Attorney General, (*H. C. Bliss*, Assistant Attorney General with him,) for the Commonwealth.

DEVENS, J. 1. The defendant contends that a more particular description of the apparatus, &c. used should have been given in the complaint, especially as it appeared at the trial that the complainant might have done this. But all such apparatus, books, &c. might have been, and probably were, entirely lawful and proper instruments in themselves; the important matter charged was that they were used for an unlawful purpose, set forth in the complaint. If this was alleged and proved, any detailed description of them was unnecessary.

2. The complaint is not bad for duplicity in charging the defendant with having been engaged " in the business and employment " forbidden by the statute. These words are used as substantially synonymous terms, to describe the transaction of registering bets and buying or selling pools. It would be an extremely forced construction to hold, as the defendant urges, that by the use of these two words he is charged with being both principal and agent, or as employer and employee.

3. Nor is the allegation in a single count, that the defendant was engaged in the business and employment of both " registering bets and selling pools," open to the objection of duplicity.

They are not distinct kinds of unlawful business, but different parts of one transaction, representing different stages of it. In *Stevens* v. *Commonwealth*, 6 Met. 241, 242, it was held that the Rev. Sts. c. 126, § 20, prescribing the punishment of "every person who shall buy, receive, or aid in the concealment of any stolen goods, knowing the same to have been stolen," describes only one offence, which may be committed either by buying, receiving, or aiding in the concealment of such goods; and that an indictment which alleged that a defendant received and aided in the concealment of such goods charged but a single offence. A pool was, we think, correctly defined as a combination of stakes, the money derived from which was to go to the winner. Registering the bets and "buying or selling pools" would appear to be but one transaction.

If, however, they were distinguishable criminal acts, the indictment would not be bad for duplicity. In *Commonwealth* v. *Moody*, 143 Mass. 177, assuming that the registering of bets and the selling of pools were distinct offences, it was held that the offence of keeping a room for these various purposes was but a single one, and that it made no difference how many unlawful purposes the room was kept for.

The offence with which the defendant was charged was being present in a room of this character, kept by another person, aiding in the unlawful business there conducted, under the clause of the statute which renders culpable "whoever is present in any such place, engaged in any such business or employment." Whatever portion of the unlawful business there conducted he engaged in, he was guilty of the offence denounced by the statute, nor was he guilty of more than a single offence if he both registered bets and bought or sold pools.

4. It was not necessary to describe the method or manner of registering bets or selling pools, or the particular contests which were made the subject of gambling. The defendant was sufficiently informed of the charge against him, although the indictment did not go into this minute detail.

5. At the trial, the defendant objected that it was not sufficiently shown that the offence for which the defendant was tried in the Superior Court was the same of which he had been convicted in the lower court. The government relied in the Supe-

rior Court upon May 28, as alleged in the complaint, as the day of the offence. Where the evidence corresponds with the allegation in the complaint, the jury, in the absence of proof to the contrary, may presume the offence proved to be the same as that of which the defendant had been convicted in the lower court. *Commonwealth* v. *Field*, 119 Mass. 105. It was shown, also, that the defendant had contended in the lower court that there was not sufficient evidence to convict him of the offence upon the day named, which indicated that the day alleged was the day there relied on by the prosecution.

6. Evidence was admitted that at various times between May 18 and May 28 the defendant was present at the room described, engaged in doing certain things which tended to show he was engaged in the business alleged in the complaint. The presiding judge received this evidence, not requiring the government to make its election until the evidence was in as to which date it should rely upon. He then directed the jury to consider the evidence as to what occurred at other dates previous, as bearing only upon the question whether the premises were kept for that purpose on May 28. The character of the room was a vital point in the case, as the defendant was only to be held guilty under the statute if he had engaged in the business in a room kept or occupied for the unlawful purpose described.

For the limited object of showing this, evidence as to the business conducted there immediately previous to the date in question was competent. The offence of keeping and occupying such a room is a continuing one, and as relevant to the inquiry whether the room was kept on May 28 for the unlawful purpose of registering bets and selling pools, evidence that this business was there conducted at various times during the ten days previous had a legitimate bearing. *Commonwealth* v. *Carney*, 108 Mass. 417. It could not be excluded because it had also a tendency to show that the defendant was at other times engaged in assisting in it. We must assûme that the jury received this evidence only to the limited extent allowed by the judge, that of ascertaining the character of the room described.

7. The defendant requested the judge to instruct the jury, that, in order to convict, the jury must find every element present in the case; viz. that the defendant was, upon the date named,

present in a place or room fitted with apparatus, books, and other devices designed and intended for the purpose of registering bets and of buying and selling pools upon the results of certain trials and contests of speed between contesting beasts, to wit, contesting horses, and was then and there engaged in the business and employment of registering bets and selling pools upon the results of said trials and contests. The judge declined so to rule, but instructed the jury, that in order to convict they must find every element present in the case; viz. that if the defendant, at the time named, was "present in any such place as that named in the statute, that is, any place like or similar" to that named in the statute, and was then and there engaged in any such business or employment as that named in the statute, he would be guilty. To this ruling and refusal to rule the defendant excepted.

The ruling as given, while it met the request of the defendant fairly in the main, is in one respect unfortunately phrased in using in reference to the place, where the defendant must have been found aiding in the unlawful act charged, the expression, "that is, any place like that or similar to that named in the statute." This is preceded, however, by the words "any such place as that named in the statute, that is," &c. It is evident that the judge used the phrases as synonymous with each other, and that it could not have been supposed by the jury that the defendant could have been convicted unless he was present in a place clearly and distinctly of the character defined in the statute. The argument of the defendant is, that it might have been inferred by the jury that, if the place bore a likeness or similarity to that described in the statute, while yet it differed therefrom, the defendant might be convicted. Connected as it was with the previous expression, we do not think this misunderstanding could have arisen. If not, this verbal inaccuracy, to which the judge's attention was not called, can have done the defendant no harm.

Other exceptions taken by the defendant, as well as the numerous reasons assigned in arrest of judgment, which were identical with those stated in the motion to quash, have been considered so far as seemed desirable with those already discussed.

*Exceptions overruled.*