COMMONWEALTH *vs.* JOHN PURCELL.

Berkshire.    September 8, 1891. — September 15, 1891.

Present: ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Intoxicating Liquors — Common Nuisance — "Place."*

A hotel is a "place" within the meaning of the Pub. Sts. c. 101, § 6, providing that "all buildings, places, or tenements . . . used for the illegal keeping or sale of intoxicating liquor, shall be deemed common nuisances."

COMPLAINT, alleging that the defendant from July 1, 1890, to August 18, 1890, at Cheshire, " did keep and maintain a certain place, to wit, a hotel there situate, then and there . . . used for the illegal sale and for the illegal keeping of intoxicating liquors, said ·place, so used as aforesaid, being then and there . . . a common nuisance." Trial in the Superior Court, before *Barker*, J., who, after a verdict of guilty, allowed a bill of exceptions, which, so far as material to the point decided, appear in the opinion.

*E. M. Wood*, for the defendant.

*A. E. Pillsbury*, Attorney General, & *C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.

ALLEN, J.    By the Pub. Sts. c. 101, § 6, " all buildings, places, or tenements . . . used for the illegal keeping or sale of intox-

icating liquor, shall be deemed common nuisances." The complaint against the defendant charged that during a specified time he kept and maintained " a certain place, to wit, a hotel," used for that purpose. The objection taken on the part of the defendant is that a hotel or other building cannot be considered as a " place" within the meaning of the statute; that therefore the complaint in this particular is repugnant to itself, and that proof of keeping the hotel for the illegal purpose will not support the averment of keeping a place. There is certainly a technical argument of some force in support of this objection; but we think it would be too strict a construction of the statute to hold that a " place" must necessarily be exclusive of a building.

In common speech, a hotel is a place; and the enumeration of buildings, places, and tenements does not necessarily have the effect to require that a building shall not be described as a place. No doubt the word " place" may include what could not properly be described as a building or tenement, but it does not follow that it may not include both. We find nothing in the previous decisions upon this statute which requires the strict construction contended for.                     *Exceptions overruled.*