### COMMONWEALTH vs. JOHN F. IGO.

Middlesex.   January 30, 1893. — March 1, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Intent — Complaint — Duplicity.*

A complaint on the Pub. Sts. c. 100, § 17, charging the bringing by the defendant into a town in which licenses of the first five classes were not granted certain intoxicating liquors with intent "to sell the same himself, to have the same sold by another, and having reasonable cause to believe that the same is intended to be sold in violation of law," is not bad for duplicity.

LATHROP, J.   The complaint in this case charges the bringing by the defendant into a town in which licenses of the first five classes were not granted certain intoxicating liquors with intent " to sell the same himself, to have the same sold by another, and having reasonable cause to believe that the same is intended to be sold in violation of law."   The complaint contains the other necessary averments, and the only question is whether it is bad for duplicity.

The Pub. Sts. c. 100, § 17, make it an offence for a person to bring intoxicating liquors into a town in which licenses of the first five classes are not granted, " with intent to sell the same himself, or to have the same sold by another, or having reasonable cause to believe that the same is intended to be sold in violation of law."

Under this statute, it has been held that it is not sufficient simply to charge that the liquors were brought into the town in violation of the statute.   *Commonwealth* v. *Intoxicating Liquors,* 138 Mass. 506.   This was on the ground that the complaint alleged no illegal intent.   It was also said that the statute created several offences.   While this is in a certain sense true, yet it is also true that the gist of the offence is the bringing into the town intoxicating liquors with one or more of the

illegal intents specified in the statute. The offence may be properly charged in one count, although more than one intent is alleged. *Commonwealth* v. *Moody,* 143 Mass. 177. *Commonwealth* v. *Ferry,* 146 Mass. 203, 208. *Commonwealth* v. *Clancy,* 154 Mass. 128, 132.

*Exceptions overruled.*

*M. J. Kelley,* for the defendant.

*C. N. Harris,* Second Assistant Attorney General, for the Commonwealth.