## INHABITANTS OF BROOKLINE *vs.* HENRY S. HATCH.

Norfolk.    December 8, 1896. — January 9, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ

*Statute — Use of Building or Place for more than Four Horses.*

The occupant of a lot of about seven thousand square feet, on which were two buildings, one of a permanent and the other of a temporary character, divided the temporary building into two portions, in one of which were four stalls, and in the other three, and kept upon the premises eleven horses; four of them being kept in the main building, four in one of the temporary buildings, and three in the other. *Held*, that his act was an evasion of the St. of 1890, c. 395, which forbids the occupancy or use of "any building or place for a stable for more than four horses," unless a license has been first·obtained therefor.

BILL IN EQUITY, filed December 31, 1895, to restrain the defendant, by injunction, from using or occupying certain premises, and the buildings thereon, situated on Aspinwall Avenue in Brookline, for a stable for more than four horses. Hearing before *Morton*, J., who entered a decree in accordance with the prayer of the bill, and reported the case for the consideration of the full court.

*E. B. Gibbs*, for the defendant.

*C. A. Williams*, for the plaintiff.

LATHROP, J.    There was evidence that the defendant occupied a lot of land on Aspinwall Avenue, containing about six thousand eight hundred and eighty square feet, on which were two buildings. One was used by him as a livery stable and in carrying on his business as an undertaker, and was of a permanent character. The other was a temporary structure, built of rough boards resting on the ground, with no cellar under it. The defendant applied in writing to the selectmen of Brookline for a license to keep more than four horses in his stable on his premises. After a public hearing on this application, the selectmen refused to grant the license. The defendant thereupon divided the temporary building into two portions, in one of which were four stalls, and in the other three, and kept upon the premises eleven horses;·four of them being kept in the main building, four in one of the temporary buildings, and three in

the other.    The carriages, harnesses, etc., were kept in the main building.

The Pub. Sts. c. 102, § 39, were amended by the St. of 1890, cc. 230, 395, so as to read as follows: "The mayor and alder-men of any city except Boston, and the selectmen of any town, may license suitable persons to keep more than four horses in certain specified buildings or places within their respective cities and towns, and may revoke such license at pleasure.    Whoever, not being licensed as aforesaid, occupies or uses any building or place for a stable for more than four horses, shall forfeit a sum not exceeding fifty dollars for every month he so occupies or uses such building or place, and in like proportion for a longer or shorter time.    And the Supreme Judicial Court, or Superior Court, or a justice thereof, in term time or vacation, may issue an injunction to prevent such occupancy or use without such license."

The contention of the defendant is, that, as he does not keep more than four horses in any one of the three buildings on his premises, the statute does not apply to him; but we are of opinion that the statute cannot be evaded in this manner.    The language of the statute is "any building or place for a stable for more than four horses."    The word "place" has a broad signification.    It applies not only to a building, but also to any enclosure, whether covered or not.    The statute is aimed at the nuisance which may be caused by the keeping of a number of horses, and it can make no difference whether they are kept in one building or in several, or are kept in the open air or in an enclosure.    In *Commonwealth* v. *Jones,* 142 Mass. 573, where a license was granted for the sale of intoxicating liquors in a cer-tain room of a building, it was held that the location of the whole building was to be considered in determining whether it was within the "four hundred feet" of a public schoolhouse on the same street.    The statute there in question provided: "No license . . . shall be granted for the sale of intoxicating liquors in any building or place on the same street within four hundred feet of any building occupied in whole or in part by a public school."    It was in answer to the defendant's contention "that the language of the statute 'building or place' should be con-strued to mean that, if a license limits the sale to a particular

room in a building, that room is a ' place,' and its location is to be considered without regard to the rest of the building," that the court said, " The word ' place ' is intended to cover the case where there is no building, but where a tent, booth, excavation in the ground, or something similar, is used for the purpose of selling liquor."

But the meaning of the word " place " is not confined to the examples cited above. In *Commonwealth* v. *Patterson*, 153 Mass. 5, where the defendant was charged with keeping a common nuisance, to wit, a tenement used for the illegal sale and keeping for sale of intoxicating liquors, there was evidence that the defendant had the possession and control of certain land and certain detached buildings thereon, and used the land and buildings for the illegal keeping and sale of intoxicating liquors, and it was held that, as they were used as one tenement, they constituted one nuisance, the keeping of which was one offence.

In *Commonwealth* v. *Purcell*, 154 Mass. 388, where the defendant was charged with keeping a certain place, to wit, a hotel used for the illegal sale and illegal keeping of intoxicating liquors, it was contended that a hotel or other building could not be considered as a " place "; but it was held that the word " place " included a hotel, though it might also include what might not properly be described as a building or tenement.

In *Eastwood* v. *Miller*, L. R. 9 Q. B. 440, under a statute which provided that no house, office, room, or other place should be used for a certain purpose, it was held that open grounds were included within the word " place "; and this decision was affirmed in *Haigh* v. *Sheffield*, L. R. 10 Q. B. 102.

We have no doubt, therefore, that the decree of the single justice should be affirmed.

*So ordered.*