COMMONWEALTH *vs.* DAVID KANE.

Suffolk.   March 20, 1899. — May 20, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Being present where Implements for smoking Opium are found — Description of Place — Complaint — Statute — Exceptions.*

It is no objection to a complaint under St. 1895, c. 194, for being present where implements for smoking opium are found, that there is no allegation that the defendant was knowingly, wilfully, and wantonly in the place described; that there is no description of the instrument used for smoking opium; that there is no criminal intent set forth; that the defendant is charged with being present when opium implements were found, with selling opium to be used in an unlawful manner, with unlawfully resorting to the place described, and with unlawfully giving away opium to be unlawfully used; and that the complaint directs the seizure of property, whether used in the smoking of opium or not, but names no owner or keeper of the place.

The description of the place in a complaint under St. 1895, c. 194, for being present where implements for smoking opium are found, as " the rooms designated as suite two in the first story of the building situated and numbered sixty-three in E. Street in said city of B.," there being also other allegations setting forth that the implements were found in such rooms, is sufficient.

It is not necessary in a complaint under St. 1895, c. 194, for being present where implements for smoking opium are found, to allege who is the keeper of the premises, unless a person is charged as keeper.

The complaint in this case, which was brought under St. 1895, c. 194, for being present where implements for smoking opium were found, follows the words of the statute, and is sufficient.

The objection, that the record in a criminal case fails to show that the defendant ever pleaded to the complaint, if not taken in the Superior Court, is not open on a bill of exceptions.

COMPLAINT, under St. 1895, c. 194, for being present where implements for smoking opium were found.   The complaint was as follows:

" To the Justices of the Municipal Court of the city of Boston, holden at said city of Boston for the transaction of criminal business within the county of Suffolk, Patrick Malley, of the city of Boston, in the county of Suffolk, police officer in behalf of the Commonwealth of Massachusetts, on oath complains that one Clarence H. Knowlton on the twenty-sixth day of November in the year of our Lord one thousand eight hundred and ninety-seven on oath informed the said justices that he sus-

pected, and had probable cause to suspect, that the rooms designated as suite two in the first story of the building situated and numbered sixty-three in Emerald Street in said city of Boston, and within the judicial district of said court (which said rooms were occupied by some person whose name was to the informant unknown) were unlawfully used and resorted to by divers persons whose names were to the informant unknown, for the purpose of smoking opium and preparations of opium, and for the purpose of selling and giving away opium and preparations of opium to be smoked in said rooms; and that divers persons whose names were to the informant unknown, unlawfully resorted to said rooms for the purposes aforesaid, and prayed for a warrant to enter into said rooms and to arrest the keepers of the same and all persons then and there present, whether engaged in smoking opium or any preparation of opium as aforesaid or not, if implements for smoking opium or any preparation of opium were then and there found in said rooms, and to take into custody all the opium and any preparation of opium and all the implements for smoking opium or any preparation of opium, and all the personal property, furniture, and fixtures then and there found. And thereupon the said court issued a warrant, in due form of law under the seal thereof, commanding the sheriff of said county of Suffolk, his deputies and the constables and police officers of said city of Boston and each of them, forthwith to enter in the daytime or in the night-time into said rooms and there to arrest the keepers of the same and all persons there found present, whether engaged in smoking opium or any preparation of opium as aforesaid or not, if implements for smoking opium or any preparation of opium were then found in said rooms, and to take into their custody all the opium and any preparation of opium, and all the implements for smoking opium or any preparation of opium, and all the personal property, furniture, and fixtures then and there found as aforesaid, and to keep the said persons, opium, preparations of opium, implements for smoking opium or any preparation of opium, personal property, furniture, and fixtures, so that they might be forthcoming before said court, to be disposed of and dealt with according to law; and that afterwards, to wit, on the twenty-ninth day of November in the year aforesaid, by virtue of said

warrant, and in obedience to the commands and requirements therein contained, the said Malley being then and there a police officer of said city, and being then and there duly authorized to serve said warrant, did enter into said rooms described in the warrant aforesaid, and then and there found David Kane, Patrick Lawler, and James Martin, all of said Boston, present in said rooms at the time implements for smoking opium and preparations of opium were then and there by said Malley found in said rooms; and that the said Malley did then and there seize the said implements for smoking opium and preparations of opium, and did then and there arrest and take into his custody the said Kane, Lawler, and Martin, so found present at the time implements for smoking opium and preparations of opium were then and there found as aforesaid, so that they might be forthcoming before said court to be dealt with according to law.

" And the said Malley upon his oath aforesaid doth say that the said rooms in manner and form aforesaid were then unlawfully used and resorted to for the purpose of smoking opium and preparations of opium as aforesaid, and for the purpose of selling and giving away opium and preparations of opium to be smoked in said rooms as aforesaid, and that the said Kane, Lawler, and Martin were then and there, and in manner and form aforesaid, severally present in said rooms at the time implements for smoking opium and preparations of opium were found in said rooms as aforesaid, against the peace of said Commonwealth and the form of the statute in such case made and provided."

In the Superior Court, before the jury were impanelled, the defendant renewed a motion made by all the defendants in the Municipal Court to quash the complaint, assigning the following specific objections:

" 1. The place where said implements were found is not set forth with the accuracy which is imperative in criminal pleading.    2. There is no allegation that the defendants were knowingly, wilfully, and wantonly in said suite of rooms.    3. There is no allegation or description of the instrument used for smoking opium or preparation of opium set forth in the complaint. 4. There is no criminal intent set forth in the complaint, whether

the intent be joint or several. 5. The complaint is bad for duplicity; first, because all the defendants are charged with being present when opium implements were found; secondly, all of the defendants are charged with selling opium to be used in an unlawful manner; thirdly, all the defendants are charged with unlawfully resorting to said rooms; fourthly, all the defendants are charged with unlawfully giving away opium to be unlawfully used. 6. There is no allegation in the complaint as to who is the keeper of the premises, such an allegation being imperative according to the language of the statute. 7. Since the complaint directs the seizure of property, whether used in the smoking of opium or not, it names no owner or keeper of the house, and a statute which allows an indiscriminate seizure of chattels without any identification or specification is unconstitutional. 8. The wording of the statute makes it imperative that the drug found in said rooms shall be described; opium or any preparation of opium may mean three or four different kinds of drugs, such as morphine, laudanum, etc., which cannot be used in smoking. 9. The complaint is ambiguous, defective, uncertain in every material averment, is illative in manner and form, wanting in due precision, and does not properly inform the defendants of the nature of the charge against them so that they can intelligently defend themselves. 10. There is no allegation that the rooms in question were used as and for a common opium smoking resort. 11. There is no provision of the act which makes it a crime merely to be present where opium implements are found. The place must be used as and for a common opium resort as a fact, and must have been complained of as such."

*Bishop*, J., overruled the motion; and the defendant excepted.

The case was submitted to the jury upon the following agreed facts.

Police officers of the city of Boston went to 63 Emerald Street in Boston on November 28, 1897, and there found the defendant and another man smoking opium, and a third man asleep upon a bed in the defendant's room in the house. The officers found in the room an opium lamp, an opium pipe, and a yen hook, an implement used in smoking and preparing opium, and opium ashes were found scattered on the floor of the room.

While the officers were at the place, the defendant said that he hired and occupied the room for two weeks previously to the date of the complaint; and the officers testified that men and women had been seen in the room during the defendant's two weeks' occupancy, and were found smoking opium and lying upon the floor of the room, and that persons frequented the room for the purpose of smoking opium.

The judge instructed the jury that they would be warranted in finding the defendant guilty on the evidence set forth.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*F. F. Sullivan*, (*J. M. Sullivan* with him,) for the defendant.

*M. J. Sughrue*, First Assistant District Attorney, for the Commonwealth, submitted the case on a brief.

LATHROP, J.   The St. of 1895, c. 194, § 1, under which this complaint is brought, is generally similar in form to the St. of 1895, c. 419, which has twice been before the court.   *Commonwealth* v. *Smith*, 166 Mass. 370.   *Commonwealth* v. *Yee Moy*, 166 Mass. 376, n.   As these cases were decided more than a year before the present complaint was brought, and as most of the questions raised were decided in those cases, we are surprised that they are again brought before us, although the two statutes apply to different statutory offences.

The complaint in the case before us follows for the most part the language of the statute, and is framed on the complaint in *Commonwealth* v. *Smith*, omitting some words there held to be superfluous.

In regard to the second, third, fourth, fifth, and seventh specific objections to the complaint, we are of opinion that they are fully covered by the cases above referred to.

The first objection is that the place is not set forth with sufficient accuracy.   The place is described as " the rooms designated as suite two in the first story of the building situated and numbered sixty-three in Emerald Street in said city of Boston "; and there are other allegations which set forth that the implements were found in said rooms.   The statute refers to any " place, house, building, or tenement."   The words in the St. of 1895, c. 419, § 9, under which the cases above cited were decided, are " house or other building, room, or place."   But not-

withstanding this difference of phraseology, we are of opinion that the complaint is sufficient. In the case of *Commonwealth* v. *McCaughey*, 9 Gray, • 296, the question was one of variance. The indictment, under the St. of 1855, c. 405, charged the keeping of " a certain building," while the proof showed the keeping of a tenement in a building. It was therefore held to be a tenement, on the ground that a building meant a whole building. The words " building " and " tenement " may be so used as to show that they are synonymous. *Commonwealth* v. *Bossidy*, 112 Mass. 277.

What was charged in the present case was the presence of the defendant at the time that implements for smoking opium and preparations of opium were found in said rooms, that is, rooms designated as suite two in the first story of the building situated and numbered sixty-three in Emerald Street in Boston. We do not think that the charge can be held to include the whole building, but rather to mean a tenement or place in the building. As to the meaning of the word " place," see *Commonwealth* v. *Purcell*, 154 Mass. 388 ; *Brookline* v. *Hatch*, 167 Mass. 380.

The sixth objection is that it is not alleged who is keeper of the premises. But there is nothing in the statute which makes this necessary, unless a person is charged as keeper.

As to the eighth objection, the complaint alleges the seizure of the said implements for smoking opium and preparations of opium. We do not see wherein this fails to follow the words of the statute.

The ninth objection is a very general one. It is enough to say that the complaint follows the words of the statute.

The tenth and eleventh objections may be considered together. The complaint follows the words of the statute, and is sufficient.

After the motion to quash was overruled, the case was submitted to the jury on agreed facts. The judge instructed the jury that they would be warranted in finding the defendant guilty on the evidence set forth. The defendant excepted, but, as we understand his brief, he does not now controvert the correctness of the ruling.

The defendant states in his brief that the record fails to show

that the defendant ever pleaded to the complaint. But no such question was raised in the Superior Court, or is open on these exceptions. The whole case is not before us, but only the questions of law raised in the Superior Court.    Pub. Sts. c. 153, § 8.

*Exceptions overruled.*