COMMONWEALTH *vs.* MARIE LEE.

Worcester. February 1, 1954. — March 1, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Narcotic Drugs. Words,* "Found in possession."

Evidence that a defendant received from a mail carrier an unopened package addressed to her and containing a narcotic called marijuana and that she claimed the package as hers, indicating no intent not to exercise control of it on her own behalf, warranted a finding that she was "found in possession" of a narcotic drug within G. L. (Ter. Ed.) c. 94, § 211, as appearing in St. 1938, c. 321, § 1, whether or not she knew or had reason to believe that the package contained marijuana.

COMPLAINT, received and sworn to in the Central District Court of Worcester on July 30, 1952.

Upon appeal to the Superior Court, the case was tried before *Meagher*, J.

*George H. Yagjian*, (*Harry Zarrow* with him,) for the defendant.

*Walter E. Stuka*, Assistant District Attorney, (*A. Andre Gelinas*, Assistant District Attorney, with him,) for the Commonwealth.

LUMMUS, J. General Laws (Ter. Ed.) c. 94, § 211, as it appears in St. 1938, c. 321, § 1, makes it a crime for a person, not within certain specified classes in which the defendant does not contend that she is included, to be "found in possession" of a "narcotic drug" except "by reason of a physician's prescription lawfully and properly issued." On a complaint charging the commission of that crime on

July 29, 1952, at Worcester, the defendant on appeal to the Superior Court was found guilty by a jury, and was sentenced to the reformatory for women. The trial was conducted under G. L. (Ter. Ed.) c. 278, §§ 33A-33G. The only error assigned by the defendant is that the judge denied her motion for a directed verdict of not guilty. She does not contend that she had any prescription from a physician.

At the close of the evidence for the Commonwealth, the defendant rested. The evidence for the Commonwealth may be summarized as follows. On July 28, 1952, a third class package weighing from four to six ounces, wrapped in brown paper, containing four cigarettes, and purporting to have been sent by one Marshall of a certain address in New York city and addressed to the defendant at a hotel in Worcester where she was employed, arrived in the mail from New York at the post office in Worcester in a damaged condition and was there opened and wrapped up again. An unsuccessful attempt to deliver it to the defendant was made on that day, but she was not at the hotel. On the following morning, police officers saw a mail carrier deliver the package to the defendant at the hotel. While she still had the package in her hand unopened, police officers asked her to lead them to a place where they could talk privately. She went with the officers into a bedroom. She said that the package was hers, and that she had received it from the mail carrier. It was still unopened, and in her hand. At the request of the officers, she opened it. As soon as it was opened, she was asked what was in the package, and she said, "I know what they are." An officer asked, "Marijuana?" She answered, "Yes, marijuana. Somebody's trying to frame me."

A chemist, to whom one of the cigarettes in the package was given for analysis, testified that it contained marijuana.

The defendant denied knowing any person named Marshall in New York. The address of a supposed Marshall, written on the package, proved to be a vacant lot.

The question before us is whether the evidence warranted a determination that the defendant was "found in posses-

sion" of the narcotic drug called marijuana. It has been said that one is in possession of a chattel who "has physical control" of it "with the intent to exercise such control on his own behalf." Restatement: Torts, § 216. Before the package was opened the defendant had received it from the mail carrier and had claimed it as hers. She indicated no intent not to exercise control of it on her own behalf.

We need not consider whether there was sufficient evidence that the defendant knew or had reason to believe that the package contained marijuana, until she opened it. And we need not consider cases in other jurisdictions, where a statute made criminal the possession of a drug or other harmful thing, in which it has been held that a defendant cannot be convicted unless he knowingly had possession of the forbidden thing, illustrated by *People* v. *Gory,* 28 Cal. (2d) 450. We think that the case is governed by our own decisions.

In *Commonwealth* v. *Mixer,* 207 Mass. 141, a servant of a common carrier was held criminally liable for transporting intoxicating liquor in a barrel, although he did not know that the barrel contained such liquor. Likewise in *Commonwealth* v. *Kane,* 173 Mass. 477, a complaint for being present where implements for smoking opium were found, it was held unnecessary to allege that the defendant was knowingly present. As Rugg, J., said in the *Mixer* case at page 142, "the burden is placed upon the actor of ascertaining at his peril whether his deed is within the prohibition of any criminal statute." See also *Commonwealth* v. *Pentz,* 247 Mass. 500, 510; *Commonwealth* v. *Ober,* 286 Mass. 25, 31. We are unable to distinguish in principle the present case from the *Mixer* case.                    *Judgment affirmed.*