COMMONWEALTH *vs.* FRANCIS M. MURPHY.

Essex. February 6, 1961. — April 5, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Betting. Pleading, Criminal,* Complaint.

Mere presence of one in a place wherein there is apparatus for registering bets not under his control and unknown to him does not constitute the crime of being found in the place "with" the apparatus under G. L. c. 271, § 17. [394–395]

A complaint charging that the defendant "was found in a place . . . with apparatus . . . for registering bets" on a horse race should be construed as charging that he had sufficient association with the apparatus to be "with" it under G. L. c. 271, § 17. [398–399]

COMPLAINT received and sworn to in the Central District Court of Northern Essex on September 9, 1959.

Commonwealth *v.* Murphy.

On appeal to the Superior Court the case was heard by *Forte,* J., without jury.

The case was argued in February, 1961, before *Wilkins,* C.J., *Whittemore, Cutter, Kirk, & Spiegel,* JJ., and afterwards was submitted on briefs to all the Justices.

*Avram G. Hammer, (Joseph Sax* with him,) for the defendant.

*Howard J. Camuso,* Assistant District Attorney, *(John P. S. Burke,* District Attorney, with him,) for the Commonwealth.

WHITTEMORE, J.    The defendant on appeal from the District Court was found guilty by a judge in the Superior Court under a complaint which charged that on September 8, 1959, the defendant "was found in a place to wit: a room with apparatus, books and devices for registering bets upon the result of a contest of speed of beasts, to wit: horses . . . ."    These are the defendant's exceptions to the denial, before trial, of his motion to quash which averred "that the complaint . . . does not set out a crime either at common law or by statute."

The bill of exceptions states: "The court interpreted the complaint as alleging that the defendant was found in a room, and in that room were apparatus, books and devices for registering bets, but not as alleging that such apparatus, books and devices were under the defendant's control or that the defendant was cognizant of their presence in the room . . . ."

The defendant also appealed, "being aggrieved by the judgment of the Superior Court founded upon a matter of law apparent upon the record."    See G. L. c. 278, § 28.

This complaint, construed as set out in the bill of exceptions, did not state a crime.    The parties are in agreement that the reference is to G. L. c. 271, § 17, which contains these words: "Whoever . . . occupies, or is found in, any place, . . . with apparatus, books or any device, for registering bets . . . shall be punished . . . ."    The statutory background and the context, discussed in following paragraphs, show that the meaning is "Whoever . . . is found

. . . [anywhere] with apparatus . . . [etc.]," so that, for the crime, the fact must be that it is the defendant who is *with* the apparatus, and this necessarily imports something more than mere unwitting presence in the same place with apparatus.

Prior to St. 1922, c. 315, the relevant wording of G. L. c. 271, § 17, excluding the words and punctuation in brackets which were added by the 1922 amendment, was as follows: "Whoever *keeps* a building or room[,] or any part thereof[,] or *occupies*[, or is found in,] any place[, way, public or private, park or parkway, or any open space, public or private, or any portion thereof,] with apparatus, books or any device, for registering bets . . . or *whoever is present* in such place[, way, park or parkway, or any such open space, or any portion thereof,] *engaged in such business or employment;* or, being such keeper, occupant[, person found] or person present, as aforesaid, *registers such bets,* . . . or, being the owner, lessee or occupant of a building or room, or part thereof, or private grounds, *knowingly permits* the same to be used or occupied for any such purpose, or therein *keeps, exhibits, uses* or *employs,* or *knowingly permits* to be therein kept . . . [etc.] any device or apparatus for registering such bets . . . shall be punished" (emphasis supplied).

Thus, prior to 1922, § 17, with the one possible exception next specified, was plainly confined to punishing knowledgeable participation in the wrongs specified. Read by itself, the clause "keeps a building or room or any part thereof or occupies any place with apparatus [etc.]" was possibly construable as making it a crime unwittingly to keep or occupy a building or part thereof in which was located the illegal apparatus. But the context belied this construction. The language which followed that provision made express the crime of an owner, lessee, or occupant who was not himself the keeper; such a defendant was to be punished if he *"knowingly permits* the same to be used or occupied for any such purpose" (emphasis supplied). Furthermore the express provision punishing "whoever is present in

such place engaged in such business or employment; or, being such . . . person present . . . registers such bets'' showed that something more than mere presence was required. For cases prior to 1922, under statutes predecessor to § 17, see *Commonwealth* v. *Moody,* 143 Mass. 177; *Commonwealth* v. *Ferry,* 146 Mass. 203; *Commonwealth* v. *Clancy,* 154 Mass. 128; *Commonwealth* v. *Watson,* 154 Mass. 135; *Commonwealth* v. *Healey,* 157 Mass. 455; *Commonwealth* v. *Swain,* 160 Mass. 354; *Commonwealth* v. *Sullivan,* 218 Mass. 281.

It is of some significance, additionally, that in 1922 c. 271 had, and it now has, in other sections, express provision in respect of ''persons present.'' General Laws c. 271, § 5, provides that ''Whoever keeps or assists in keeping a common gaming house . . . [etc.] or is found playing or present as provided in . . . section [23] . . . shall be punished . . ..'' Section 23 specifies, as subject to arrest, ''all persons present [in such place] whether . . . participating or not . . ..''

The bill which became St. 1922, c. 315, omitted the words ''or is found in'' and the words ''person found.'' These words were added on recommittal after the second reading. In original form, therefore, the proposed statute would have penalized ''[w]hoever . . . occupies [*] any place, way, public or private, park or parkway, or any open space, public or private, or any portion thereof, with apparatus . . ..'' The insertion at the point of the asterisk, above, of the words ''or is found in'' served we think to meet the possible objection that a person walking in a park with lottery tickets in his pocket would not occupy the park or any part of it. The words ''found in . . . with'' are to be given the same meaning when read with ''any place'' that they have when read with the other words in the same sentence, ''way,'' ''park'' and ''open space.'' Reasonably, something more than presence in the same ''place . . . way . . . park . . . or . . . open space'' in which there is apparatus is required.

Subject to possible constitutional limitations as to the operation of a statute (see *Lambert* v. *California,* 355 U. S.

225, but compare dissenting opinion, p. 230), the Legislature may determine what shall be deemed a "public welfare offense" punishable notwithstanding innocent intent. *Commonwealth* v. *Smith,* 166 Mass. 370, 375–376. *Commonwealth* v. *Mixer,* 207 Mass. 141, 142–143, and cases cited. *Commonwealth* v. *Lee,* 331 Mass. 166. See *Morissette* v. *United States,* 342 U. S. 246. Sayre, Public Welfare Offenses, 33 Col. L. Rev. 55, 64–65. But an intention to create such an offence should appear in clear and unambiguous language.[1] *Commonwealth* v. *Smith,* 166 Mass. 370, 375. In the *Smith* case, in rejecting a construction of the forerunner of c. 271, §§ 5 and 23 (St. 1895, c. 419, § 9), which would state the crime of merely being present in the same place with gaming instruments and ruling that the statute defined the crime to include the place as a common gaming house, Holmes, J., observed, "All this might be true if the room was a chapel, if the defendant had been attending divine service, and if a thief had hidden the implements under a cushion in a remote corner of the place."

In *Commonwealth* v. *Carlson,* 331 Mass. 449, 450–451, the defendant was held rightly convicted under § 17, having been found in a front hallway of a building with betting slips on his person. The court said, "We do not think the mention of various places in the open air, following the word 'place,' was intended to restrict the word 'place' to localities not in any building. The intention seems to have been to make punishable the possession of such apparatus and devices anywhere." See *Commonwealth* v. *Chagnon,* 330 Mass. 278, 282; *Commonwealth* v. *Pasquale,* 334 Mass. 669, 670.

We need not consider what circumstantial evidence may be enough to show that a defendant, present in a room in

---

[1] See, for example, G. L. c. 94, § 213A, inserted by St. 1960, c. 204, § 2, "Whoever is present where a narcotic drug is illegally kept or deposited . . . may be punished." *Commonwealth* v. *Kane,* 173 Mass. 477 (present where instruments for smoking opium were found), arose under St. 1895, c. 194, and was decided on the authority of *Commonwealth* v. *Smith,* 166 Mass. 370, which construed a statute generally similar in form, viz. St. 1895, c. 419. So read, the character of the place where implements and the defendant were present was material in the definition of the offence.

which there is apparatus, is sufficiently associated with it to be convicted of being "found with . . . apparatus." See *Commonwealth* v. *Wetherell,* 340 Mass. 422.

In *Commonwealth* v. *Jensky,* 318 Mass. 350, 352, it was held that a conviction under G. L. c. 271, § 17, was warranted upon the charge of being "found in a place, to wit: in a room in the rear of the cafe situated at No. 81 Broadway . . . Lawrence with apparatus and . . . devices . . . for registering bets," by evidence that on the premises managed by the defendant there was a telephone in a concealed location fitted with a push-in connection and an arrangement which allowed the ringing of the bell to be prevented at will, that the defendant had said that "he had that telephone," and had disclosed its concealed location, that a police officer had conversations on the telephone with persons who asked him to place bets on a horse race, and that papers and publications relative to horse races and betting were found on the premises. The court said in respect of the admissibility of the evidence of the telephone conversations, "It was not offered to show that the telephone was the defendant's. Although not necessary, that could be found on the evidence earlier admitted. . . ." Its relevancy was "to show that the room where the defendant was 'found' contained 'apparatus,' in this case a telephone, which was used, or intended to be used, for registering bets . . . ." Inasmuch as the evidence showed the defendant's dominion and control of the telephone and that the place where it and the defendant were found was used as a place for registering bets, there was ample evidence that the defendant was "found . . . with apparatus."

In *Commonwealth* v. *Wetherell,* 340 Mass. 422, we said, at page 424, of a complaint under G. L. c. 271, § 5, that the "offence of keeping gaming apparatus or of being present where gaming apparatus is found (G. L. c. 271, § 17) was not charged," but, as that statute was not in issue, the statement was not a significant construction of § 17.

The complaint should have been construed as sufficient to state the crime of being "found . . . with apparatus" as

defined in this opinion. The meaning of the complaint, however, was not clear and the defendant was entitled to have it made so. See G. L. c. 277, § 40.[1] The motion to quash necessarily raised the question. The construction by the judge established the meaning for the ensuing trial without the formality or the finality of an amendment. See, as to amendment, G. L. c. 277, § 35A; *Commonwealth* v. *Bracy,* 313 Mass. 121, 124–126. Inasmuch as the finding of guilty depended on an erroneous ruling, it should be set aside, and a new trial had.

*So ordered.*

[1] "The court may, upon arraignment of the defendant, or at any later stage of the proceedings, order the prosecution to file a statement of such particulars as may be necessary to give the defendant and the court reasonable knowledge of the nature and grounds of the crime charged, and if it has final jurisdiction of the crime, shall so order at the request of the defendant if the charge would not be otherwise fully, plainly, substantially and formally set out."