COMMONWEALTH *vs.* DAVID J. BRASK
(and a companion case[1]).

Bristol.    April 1, 1968. — June 4, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Municipal Corporations*, By-laws and ordinances, "Junk automobile."
*Constitutional Law*, Due process of law, Police power.    *Words*, "Junk
automobile."

An ordinance penalizing keeping in the open in any area of a city any
"junk automobile" without a license, and defining "junk automobile"
as "one which is worn out, cast off, or discarded and which is ready for
dismantling or destruction, or which has been collected or stored for
salvage, or for stripping in order to make use of parts thereof.    Any
parts from such a vehicle shall be considered junk automobile," was
not void for vagueness under art. 12 of the Declaration of Rights of the
Constitution of Massachusetts or the Fourteenth Amendment of the
Constitution of the United States.    [419]

An ordinance providing that "No person or entity . . . shall keep in the
open in any area" of a city "any junk automobile" without a license,
and that "Any person or entity who violates this Ordinance shall be
liable to a fine of $20.00 for each day said violation continues," defined
each day of violation as a separate and distinct offence, and was not
void on the ground that the penalty prescribed might exceed the
penalty for breach of ordinance authorized by G. L. c. 40, § 21.    [419]

An ordinance penalizing keeping in the open in any area of a city any
"junk automobile" without a license was a proper exercise of the police
power under G. L. c. 40, § 21.    [419–420]

COMPLAINTS filed in the Fourth District Court of Bristol
on November 25, 1966.

Upon appeal to the Superior Court questions of law were
reported by *Bento*, J., a District Court judge sitting under
statutory authority.

*John W. McIntyre* (*Henry G. Barrett* with him) for the
defendants.

*Max Volterra*, City Solicitor, for the City of Attleboro.

REARDON, J.    These matters come here on reports from a
judge of the District Court sitting on misdemeanors in the
Superior Court.    The two defendants were severally con-

[1] Commonwealth *vs.* Frank J. Ferrara.

victed in the District Court on complaints charging that on April 28, 1967, they kept junk automobiles in the open in the city of Attleboro in violation of an ordinance. The defendant Brask was convicted on 218 other complaints and the defendant Ferrara on seventy-three additional complaints relating to successive named days other than April 28, 1967, and each defendant was fined $20 on each conviction. Both defendants appealed to the Superior Court and filed motions to quash on the ground that the Attleboro ordinance was invalid and void. It was agreed in the case of each defendant that offending automobiles were kept in the open on his premises on April 28, 1967, that he had no license under* the ordinance, and that he was in control of the premises where the automobiles were kept.

The questions reported for answer are: 1. Is the Attleboro ordinance relating to junk automobiles void in that the penalty prescribed is in excess of the penalty authorized by G. L. c. 40, § 21? 2. Is the Attleboro ordinance relating to junk automobiles void in that the definition of the criminal offence is so vague and loose as to be repugnant to art. 12, Part I, of the Constitution of the Commonwealth of Massachusetts or the Fourteenth Amendment to the Constitution of the United States?

The Attleboro ordinance in relevant part is as follows:

"SECTION 1. No person or entity, corporate or otherwise, as owner or as one in control of premises, shall keep in the open in any area of the City of Attleboro any junk automobile as defined in the following section, without being licensed to do so under this Ordinance.

SECTION 2. For the purpose of this Ordinance, a junk automobile shall be one which is worn out, cast off, or discarded and which is ready for dismantling or destruction, or which has been collected or stored for salvage, or for stripping in order to make use of parts thereof. Any parts from such a vehicle shall be considered junk automobile under this Ordinance.

SECTION 3. A license to keep no more than (2) two junk automobiles shall be requested from the Chief of Police, who

Commonwealth v. Brask.

may issue said license under the terms and standards set forth in Section 4 of the Ordinance. The refusal to issue said license may be appealed to the Municipal Council by filing an appeal with the City Clerk within 20 days of the refusal, and thereafter following the procedure for notice and hearing set forth in Section 3b of this Ordinance.

SECTION 3b. A license to keep more than two (2) junk automobiles may be requested by filing with the City Clerk an application in writing to the Municipal Council. The Council shall hold a public hearing upon such request, notice of which shall be given by publishing in a newspaper issued in Attleboro, five days at least before the date of the hearing. The cost of publishing shall be paid by the applicant for the license.

SECTION 4. The Municipal Council may grant a one year license upon such conditions as the Council deems proper to keep such junk automobiles in the open after a public hearing has been held, and the Council determines that the keeping of the same will not depreciate property values in the area, will not create a hazard to the public safety or will not become a public nuisance. Renewals of said licenses shall be granted only after the procedure set forth above is followed. . . .

SECTION 7. Any person or entity who violates this Ordinance shall be liable to a fine of $20.00 for each day said violation continues."

1. We first consider whether the definition of the offence specified in the ordinance is framed in terms so vague as to violate the essentials of the due process of law and thus make the ordinance repugnant to the Constitutions of the Commonwealth of Massachusetts and the United States. While every presumption is to be indulged in favor of the validity of the ordinance, *Brown* v. *Carlisle*, 336 Mass. 147–148, an ordinance which is penal in character is to be strictly construed. *Commonwealth* v. *Hayden*, 211 Mass. 296, 297, and cases cited. Furthermore, it is to be construed applying the standards applicable to the construction of a statute. *Commonwealth* v. *Carpenter*, 325 Mass. 519, 521. See *Druzik*

v. *Board of Health of Haverhill*, 324 Mass. 129, 134. That standard of clarity which eliminates guesswork and which is required of a penal statute was set forth in *Commonwealth* v. *Slome*, 321 Mass. 713, 715: "A statute creating a crime must be sufficiently definite in specifying the conduct that is commanded or inhibited so that a man of ordinary intelligence may be able to ascertain whether any act or omission of his, as the case may be, will come within the sweep of the statute." Presumably it is always possible in drafting an ordinance to achieve heightened clarity but § 2 of the ordinance does not to us seem "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Commonwealth* v. *Carpenter*, 325 Mass. 519, 521. See *Jaquith* v. *Commonwealth*, 331 Mass. 439, 442. The term "junk automobile" conveys a well recognized meaning and is in itself not vague. Section 2 of the ordinance gives it further and reasonable definition. We thus conclude that the ordinance is sufficiently definite to negate the argument that it is repugnant to the constitutional provisions which the defendants have invoked.

2. General Laws c. 40, § 21, permits cities to enact various ordinances and to "affix penalties for breaches thereof, not exceeding fifty dollars for each offence . . . ." See G. L. c. 40, § 1. Section 7 of the Attleboro ordinance provides: "Any person or entity who violates this Ordinance shall be liable to a fine of $20.00 for each day said violation continues." We interpret the ordinance as defining each day of violation as a separate and distinct offence. Cf. *Commonwealth* v. *Wilkins*, 121 Mass. 356.

The ordinance does not contravene provisions of the statute on permissible penalties. It was adopted pursuant to the legislative authorization of G. L. c. 40, § 21, as a measure dealing with the welfare of the city and its prudential affairs. It may also be stated, although this aspect of the ordinance is not raised by the questions contained in the report, that the ordinance is a proper exercise of police power. The two defendants in keeping junk cars in the open on their land were engaged in acts specifically pro-

hibited by the ordinance. The burden was upon each of them to ascertain at their peril whether these acts were within the prohibition of the ordinance. See *Commonwealth* v. *Mixer*, 207 Mass. 141, 142–143, and cases cited. *Commonwealth* v. *Murphy*, 342 Mass. 393, 396–397. "The ordinance declares a certain thing to be illegal; it therefore becomes illegal to do it, without a wrong motive charged or necessary to be proved; and the court is bound to administer the penalty, although there is an entire want of design." *Commonwealth* v. *Adams*, 114 Mass. 323–324.

3. We thus respond to both questions posed in the reports in the negative.

4. The cases are remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*