## COMMONWEALTH *vs.* WILLARD H. BROCKWAY.

Norfolk.    November 25, 1889. — December 31, 1889.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Lottery — Evidence — Contradiction of Witness.*

On an indictment on the Pub. Sts. c. 209, § 1, for disposing of a horse by a raffle at a certain house, it is not necessary to prove that the defendant owned the horse or the house; it is sufficient if he was present aiding and abetting in the commission of the offence.

At the trial of such an indictment the ownership of the house was in dispute, and the defendant testified that a certain woman kept the house, and that he was her boarder. Thereupon the government was permitted to introduce evidence that, shortly before the time alleged, this woman said in the house, in the defendant's presence, that she was tired of working for him for nothing; and that the defendant made no reply. *Held,* that the evidence was properly admitted.

Evidence was also introduced at the trial, that different persons took chances in the lottery; that there was a book-keeper who kept a record of their names and of the result of the throwing of the dice, and who announced the name to the winner, who was present. The defendant asked the presiding judge to rule that the offence set out in the indictment could not be committed without a delivery of the horse to the winner, or a claim for the horse by him. The judge refused so to rule, but instructed the jury that it was only necessary for the government to prove that the horse was raffled for as described, and that the winner obtained it by shaking the dice. *Held,* that the defendant showed no ground of exception.

INDICTMENT on the Pub. Sts. c. 209, § 1, alleging that the defendant disposed of a horse by way of lottery on December 9, 1887, at Needham. Trial in the Superior Court, before *Dunbar,* J., who allowed a bill of exceptions, in substance as follows.

The government offered evidence tending to show that on that date a horse valued at twenty-five dollars was raffled for at a house in Needham, formerly used as a boarding-house, but at that time occupied by the defendant and his son, and by a Mrs. Welch; that the defendant owned both the house and the horse, and that Mrs. Welch was his housekeeper; and that one Beach won the horse by means of dice. The defendant offered evidence tending to show that the house belonged to Mrs. Welch, that she kept the house, and that he was her boarder. Thereupon the government called a police officer, who testified, against

the defendant's objection, that about two months before that date he was at this house when both the defendant and Mrs. Welch were present; that she said, in the defendant's presence, that she was tired of that kind of life; that she was sick and tired of working from morning till night for the defendant for nothing; that she had been working long enough for the defendant while he loafed; and that the defendant made no reply. The judge, who was not requested to give, and did not give, any instructions to the jury with reference to the matter, admitted the evidence, and the defendant excepted. There was evidence tending to show that the defendant was present during the raffle, and took some part in the conduct of the same, and invited persons to take chances in it; that the horse was never delivered to Beach, and there was no evidence that he claimed it; but that the book-keeper, who at the time kept the record of the names of those who had taken chances in the raffle and the result of the throwing of the dice, announced at the time, after the shaking of the dice had determined who had won, that Beach, who was present, had won the horse.

The defendant asked the judge to rule that there was no evidence that the defendant did dispose of the horse within the meaning of the statute, there being no evidence of a delivery of the horse to Beach, or of any claim by him for the horse; but the judge refused so to rule, and instructed the jury that it was only necessary for the government to prove that the horse was raffled for as described, and that Beach won by the shaking of the dice; and the defendant excepted.

The judge also instructed the jury, that it was not necessary for the government to prove that the defendant was the proprietor of the house and the owner of the horse; that if they found that Mrs. Welch was such proprietor and owner, the defendant might be convicted, if they were satisfied on the evidence that the defendant was present selling chances in the horse, or in some other way taking part in the disposal of the horse by means of the lottery, and thus encouraged the woman in such disposition of the horse. The defendant excepted to this instruction, contending that it would not be so unless the defendant had control of the horse and raffle, and the title to the horse.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge,* for the defendant.

*A. J. Waterman,* Attorney General, & *H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

KNOWLTON, J.   The ownership of the horse disposed of by raffle, and the proprietorship of the house where the raffle oc- curred, were in dispute at the trial, and were circumstances bearing upon the question whether the defendant was crimi- nally responsible for the raffle.   To prove that he was not, he testified, and offered other evidence tending to show, that Mrs. Welch kept the house, and that he was her boarder.   The evidence afterwards offered by the government of what Mrs. Welch said in his presence, coupled with his failure to reply, was clearly competent as tending to contradict his testimony.

The offence alleged in this case was merely a misdemeanor, and persons present aiding and abetting in the commission of it were liable as principals.   *Commonwealth* v. *Wallace,* 108 Mass. 12.   It was not necessary to show that the defendant was the owner of the horse, or the proprietor of the house, and the instructions of the court upon this part of the case were correct.

The defendant asked the court to rule, in effect, that the offence set out in the indictment could not be committed with- out a delivery of the horse to Beach, the winner, or a claim for the horse by him.   We understand the instructions given to have been in reply to this request, and not that offering the horse to be raffled for, and allowing him to be won by the shak- ing of the dice, in itself constituted the offence, if there was no recognition of a title in the winner created by the raffle.   From the evidence that different persons took chances in the raffle, and presumably paid money for their chances, and that there was a book-keeper who kept a record of their names and of the result of the throwing of the dice, and who announced the name of Beach, who was present, as the winner, it is a fair inference that the horse was afterwards treated as the property of Beach, and the jury were warranted in finding that the animal was dis- posed of by lottery.   If the horse was never delivered to Beach, that alone does not show that he was not treated as the property

of Beach, nor that Beach did not receive an equivalent for him. The failure of the government to introduce evidence that Beach claimed him, is not inconsistent with the inference that Beach's title was voluntarily recognized by the former owner, and that the horse was disposed of by lottery. It does not appear that the instructions were erroneous. See *Commonwealth* v. *Wright,* 137 Mass. 250 ; *Commonwealth* v. *Sullivan,* 146 Mass. 142.

*Exceptions overruled.*