COMMONWEALTH *vs.* ALFRED SWAIN.

Suffolk.    December 5, 1893. — January 4, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Registering Bets — Complaint — Arrest of Judgment — Default —*
*" Before Verdict."*

</div>

A complaint under St. 1885, c. 342, alleging that certain rooms in a city were occupied by some person to the complainant unknown, with apparatus, books, and other devices, "for the purpose of registering bets and of buying and selling pools upon the result of trials and contests of skill, speed, and endurance of men, birds, beasts, and machines";' and that the defendant, on a day named, was " present in said rooms, and then and there engaged in the business and employment of registering bets and selling pools upon the result of certain trials and contests of speed and endurance of certain beasts, to wit, horses," is sufficient.

Under Pub. Sts. c. 214, § 27, a motion in arrest of judgment, for a cause not affecting the jurisdiction of the court, cannot be allowed after the entry of a default in a case pending in the Superior Court by appeal from a municipal court.

COMPLAINT, to the Municipal Court of Boston, under St. 1885, c. 342, alleging that certain rooms in Boston were occupied by some person to the complainant unknown, with apparatus, books,

and other devices, " for the purpose of registering bets and of buying and selling pools upon the result of trials and contests of skill, speed, and endurance of men, birds, beasts, and machines," and that the defendant, on June 30, 1893, was " present in said rooms, and then and there engaged in the business and employment of registering bets and selling pools upon the result of certain trials and contests of speed and endurance of certain beasts, to wit, horses."

The record showed that the complaint was entered in the Superior Court, where the defendant was defaulted; and that he afterwards filed a motion in arrest of judgment, because there was " no offence against the law in substance " set forth in the complaint. The motion was overruled; and the defendant appealed to this court.

*P. J. Casey*, for the defendant.

*M. J. Sughrue*, Second Assistant District Attorney, for the Commonwealth.

HOLMES, J. The complaint follows the language of the statute, and sets forth an offence against the law. St. 1885, c. 342. *Commonwealth* v. *Ferry*, 146 Mass. 203. *Commonwealth* v. *Clancy*, 154 Mass. 128. In *Commonwealth* v. *Sheedy*, 159 Mass. 55, the offence alleged consisted of disposing of a single suit of clothes, and it was held necessary to identify the transaction by stating the name of the person to whom the suit was disposed of, if known. But when, as here, the offence consists in being present in a room and engaged in a certain business, it is not necessary to mention names. See further *Commonwealth* v. *Horton*, 2 Gray, 69, 70.

We have expressed our opinion upon the merits, but this motion in arrest of judgment appears by the record to have been made after default. The case being in the Superior Court by appeal from the Municipal Court, nothing remained to be done but to enter judgment and therefore the motion was not premature. Pub. Sts. c. 155, § 62. *Commonwealth* v. *Whitney*, 108 Mass. 5. But by Pub. Sts. c. 214, § 27, " no motion in arrest of judgment shall be allowed for a cause existing before verdict, unless the same affects the jurisdiction of the court." It is settled that the words " before verdict " only mark a stage of the case in a convenient and general way. They signify that

the cause relied on must have arisen after the facts are settled by some of the means known to the law, but they are not to be taken literally as requiring a verdict to have been rendered in order to make the section applicable. *Commonwealth* v. *Chiovaro*, 129 Mass. 489. The present motion falls within the statute.

*Judgment affirmed.*