COMMONWEALTH *vs.* GEORGE L. YOUNG.

Suffolk. December 11, 1895. — February 29, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Short Lobsters — Inferences from Agreed Facts — Statute.*

If, on a complaint for having in one's possession " short lobsters," in violation of the provisions of Pub. Sts. c. 91, § 84, as amended by St. 1887, c. 314, § 1, the case is submitted to the jury upon a written statement of facts admitted to be true, to the effect that the lobsters, which were in barrels in the defendant's store, had arrived in the morning from Nova Scotia, consigned by parties there to the defendant in Boston, had been opened and repacked, but had not been offered or intended for sale in this Commonwealth, and that each barrel, marked with the name of a person addressed in New York City, was placed where it was found for an express company to take, the agreed facts, if unexplained, will warrant a finding that the defendant was in possession of the lobsters within the meaning of the statutes.

The provisions of St. 1887, c. 314, § 1, entitled " An Act for the protection of lobsters," apply to lobsters caught out of the Commonwealth.

COMPLAINT, under Pub. Sts. c. 91, § 84, as amended by St. 1887, c. 314, § 1, to the Municipal Court of the City of Boston, alleging that the defendant, on March 11, 1895, had in his possession seventy-four lobsters each " less than ten and one half inches in length, measuring from the extremity of the bone projecting from the head to the end of the bone of the middle flipper of the tail of each of the said lobsters extended on its back its natural length."

At the trial in the Superior Court, before *Fessenden*, J., the case was submitted to the jury upon the following agreed statement of facts.

The defendant, in March, 1895, was carrying on the business of dealing in lobsters in Boston, under the name of the New England Lobster Company. On the 11th of that month, two members of the district police found in the defendant's store four barrels covered with sacking, hooped down and nailed, and each marked with a tag, on which was printed the words " From New England Lobster Company," and some written words, the name of some person addressed, " New York City, N. Y. By Express." The officers found in one barrel

twenty-three short lobsters, and short lobsters in the other three barrels, all under ten inches from the bone in the head to the end of the middle flipper, being seventy-four in all. The lobsters had arrived on the morning of that day from Nova Scotia, consigned by parties there to the defendant in Boston, had been opened and repacked for the removal of dead fish if any, and had not been offered or intended for sale in this Commonwealth. It was agreed that there are some lobsters in every package shipped from Nova Scotia less than ten inches in length, the statute limit there being less than that prescribed in this Commonwealth. The lobsters had been charged upon the defendant's books, and each barrel, after being covered and nailed up and tagged with the name and address as charged, was placed where it was found by the officers for the express company to take, the express company being notified to call for the packages, and was billed out. There are few lobsters caught in the waters of Massachusetts at that season of the year, the defendant only having fourteen, all of full size, during the month of March.

The defendant asked the judge to rule that, under the statutes, he was not liable, and no forfeiture could be imposed. The judge refused so to rule.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. E. Jewell,* for the defendant, contended, among other things, that " the location of the packages, under the strict construction and presumption of which the court will give the defendant the benefit, shows no more than temporary custody of another's property."

*M. J. Sughrue,* First Assistant District Attorney, for the Commonwealth.

ALLEN, J. This case was submitted to the jury upon a written statement of facts, which were admitted to be true, and upon which the defendant asked the court to rule that he could not be convicted. This ruling was rightly refused. The defendant now contends that " the location of the packages, under the strict construction and presumption of which the court will give the defendant the benefit, shows no more than temporary custody of another's property." But the jury might draw the same

inferences that might have been drawn if the Commonwealth had introduced evidence to prove exactly the same facts which were admitted in the agreed statement.   If the defendant had any other evidence to explain or qualify those facts, it was open to him to introduce it.   In the absence of any such evidence, the jury might draw reasonable inferences as to his relation to the lobsters, and might find that he was not merely a forwarding agent for the Nova Scotia owners.   We are not, therefore, called on to determine whether, as the defendant argues, a mere forwarding agent should not be deemed to be in possession of the lobsters within the meaning of St. 1887, c. 314, § 1.

The objection that the statute does not apply to lobsters caught out of the Commonwealth cannot prevail.  *Commonwealth* v. *Savage*, 155 Mass. 278.        *Exceptions overruled.*