COMMONWEALTH *vs.* FRANK N. HODGKINS.

Suffolk.    December 7, 1897. — January 8, 1898.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Lobsters — Complaint — Variance.*

The contention of a person complained of for violating the provisions of St. 1887, c. 314, entitled "An Act for the protection of lobsters," that the word "lobsters" in the complaint means by necessary intendment "live lobsters," and that, as the lobsters which he had in his possession were dead, there is a variance between the complaint and the proof, cannot avail.

COMPLAINT on the St. of 1887, c. 314, entitled "An Act for the protection of lobsters," to the Municipal Court of Boston, alleging that the defendant on October 25, 1897, at Boston, "did have in his possession six lobsters, each of said lobsters being then and there less than ten and one half inches in length, measuring from the extremity of the bone projecting from the head to the end of the bone of the middle flipper of the tail of each of said lobsters, extended on its back its natural length," etc.

At the trial in the Superior Court, before *Fessenden*, J., it appeared that on said October 25 the defendant had in his pos-

session six dead lobsters, each of which was less than ten and one half inches in length, measured from the extremity of the bone projecting from the head to the end of the bone of the middle flipper of the tail of each of said lobsters extended on its back its natural length.

The defendant asked the judge to instruct the jury that, if they found that the lobsters mentioned in the complaint were not alive at any time while in the possession of the defendant, he was entitled to a verdict. The judge refused so to rule; the jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. A. Perkins*, for the defendant.

*M. J. Sughrue*, First Assistant District Attorney, for the Commonwealth.

LATHROP, J. The contention of the defendant is that the word " lobsters " in the complaint means by necessary intendment " live lobsters," and that, as the lobsters which he had in his possession were dead, there is a variance between the complaint and the proof. In *Commonwealth* v. *Beaman*, 8 Gray, 497, the rule of law in cases of larceny is thus stated by Mr. Justice Metcalf: " An indictment for a larceny of live animals need not state them to be alive, because the law will presume them to be so, unless the contrary be stated; but if, when stolen, the animals were dead, that fact must be stated; for, as the law would otherwise presume them to be alive, the variance would be fatal."

There is of course a great difference between the larceny of a live animal and that of a dead one, and the penalty may be much greater in the one case than in the other; but we are of opinion that the rule above stated has no application to the case at bar.

The St. of 1887, c. 314, § 1, is intended for the protection of lobsters, and makes the selling, offering for sale, or having in possession a lobster less than a certain length a punishable offence, the penalty being five dollars for each lobster. The statute is broad enough to include dead lobsters as well as live lobsters. See *Commonwealth* v. *Hall*, 128 Mass. 410 ; *Commonwealth* v. *Young*, 165 Mass. 396.

The offence is created by statute, and it is the general rule

that it is sufficient to charge the offence in the words of the statute. An offence like the one complained of in this case comes within the general rule. *Commonwealth* v. *Prescott*, 151 Mass. 60.          *Exceptions overruled.*