COMMONWEALTH *vs.* JAMES E. COLEMAN.
SAME *vs.* FRANK V. WOOD.

Franklin.    September 15, 1903. — October 19, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Lottery.   Pleading, Criminal.   Constitutional Law.   Words,* "Turkey."

The provision of R. L. c. 214, § 8, that whoever "knowingly suffers money or other property to be raffled for" in a house, shop or building controlled by him, "or to be won there by throwing or using dice or by any other game of chance" shall be punished as therein provided, describes only one offence.

A complaint under R. L. c. 214, § 8, charging that the defendant at Northfield "in a building occupied by him and under his control, to wit, the hotel building known as the Loveland House, knowingly did suffer a certain turkey to be raffled for and to be won by throwing dice" sufficiently designates the place where the offence is alleged to have been committed.

A complaint under R. L. c. 214, § 8, charging the defendant with suffering a turkey to be raffled for and to be won by throwing dice in a certain building occupied by the defendant and under his control, need not set forth the names of the persons permitted to raffle for the turkey or the name of the person who was suffered to win it by throwing dice.

R. L. c. 214, § 8, providing a punishment for one who "in a house, shop or building owned or occupied by him or under his control" knowingly suffers money or other property to be raffled for or to be won there by throwing dice or any other game of chance, applies to one who occupies and controls a part of a building where he suffers the prohibited acts to be done.

Under R. L. c. 214, § 28, providing that on a complaint or indictment for violation of any law relative to lotteries or any form of gaming no variance shall be deemed material if the complaint or indictment is sufficient to enable the defendant to understand the charge and to prepare his defence, a complaint will not be held insufficient for failing to aver that the defendant's occupation and control of a certain hotel building, in which a raffle for a turkey was alleged to have occurred, did not include one small room on the ground floor let to another person, nor will such a complaint be held to be insufficient in using the word "turkey" to describe a dead turkey.

Article 12 of the Declaration of Rights, securing to an accused person the right to have his crime or offence "fully and plainly, substantially and formally, described to him" is not violated by R. L. c. 214, § 28, providing that no complaint or indictment for violation of any law relative to lotteries or any form of gaming shall be held insufficient, if it is sufficient to enable the defendant to understand the charge and to prepare his defence.

TWO COMPLAINTS, received and sworn to in the District Court of Franklin on December 4, 1902, under R. L. c. 214, § 8, each

alleging that the defendant on November 26, 1902, "at North-field in the county of Franklin in a building occupied by him and under his control, to wit, the hotel building known as the Loveland House, knowingly did suffer a certain turkey to be raffled for and to be won by throwing dice."

On appeal to the Superior Court the defendants were tried before *Fessenden,* J.   The jury in each case found the defendant guilty, and the defendants alleged exceptions, raising the questions stated by the court.

*F. L. Greene,* ( *W. A. Davenport* with him,) for the defendants.

*D. Malone,* District Attorney, for the plaintiff.

KNOWLTON, C. J.   The questions of law raised by the bills of exceptions in these two cases, are the same in each, and our discussion in the first case will be equally applicable to the second also.

The defendant assigned three grounds for his motion to quash, first, because two separate and distinct offences are set forth in the same complaint ; second, because there is no sufficient allegation of the place where the defendant is alleged to have suffered the turkey to be won by throwing dice ; third, because there is no allegation as to the person who, by the sufferance of the defendant, won the turkey, nor any averment that such person's name is unknown.

1.   The complaint is founded on the R. L. c. 214, § 8, and the first question is whether one who " knowingly suffers money or other property to be raffled for in such house, shop or building," and " to be won there by throwing or using dice or by any other game of chance," is guilty of one offence under this section, or of two different offences, for each of which he is subject to punishment.   We think it pretty plain that this part of the statute describes but one offence, which is knowingly permitting, in a place under one's control, a raffle, or lottery, or other game of chance for the disposition of property to be carried on.   Suffering property to be raffled for, and suffering it to be won in either of the ways mentioned, are only different acts, made punishable as different parts or stages of the same offence, and which, singly or together, subject the offender to but one punishment.   Such acts may be joined in one count.   *Commonwealth* v. *Eaton,* 15 Pick. 273.   *Stevens* v. *Commonwealth,* 6 Met. 241.   *Common-*

wealth v. *Twitchell,* 4 Cush. 74.   *Commonwealth* v. *Hall,* 4 Allen,
305.   *Commonwealth* v. *Nichols,* 10 Allen, 199.   *Commonwealth*
v. *Ferry,* 146 Mass. 203, 208.

2.  The allegation of the place where the defendant suffered
the turkey to be raffled for, designates the building distinctly,
and is sufficient in form.   The contention that there was a vari-
ance between the allegation and the proof will be considered
later.

3.  The answer to the question whether the complaint should
give the names of the persons who were permitted to raffle for
the turkey and the name of the person who was suffered to win
it by throwing dice, depends upon the nature of the offence de-
scribed in the statute.   The case most favorable to the defend-
ant's contention on this point is *Commonwealth* v. *Sheedy,* 159
Mass. 55, in which it was held in a prosecution under § 7 of the
chapter which is the foundation of this complaint, that a charge
of a single act of disposing of a single article by way of lottery,
must state the name of the person to whom it was disposed of, or
must aver that his name is unknown.   The offence was treated
as consisting of a single act, and the act was treated as neces-
sarily involving the person who received the property.   But the
case shows that there are decisions upon complaints very closely
analogous to the one now before us in which it was held that
the name of the person receiving the property need not be given.
*Commonwealth* v. *Horton,* 2 Gray, 69.   *Commonwealth* v. *Harris,*
13 Allen, 534.   *Commonwealth* v. *Sullivan,* 146 Mass. 142.   *Com-
monwealth* v. *Brockway,* 150 Mass. 322.   In the later case of *Com-
monwealth* v. *Swain,* 160 Mass. 354, it was held that where the
offence is being present in a room, engaged in certain prohibited
business, it is not necessary to mention the names of the per-
sons participating in the prohibited acts.   The substance of the
offence here is knowingly suffering a lottery to be conducted in
a place under the defendant's control, and we are of opinion
that the rule stated in *Commonwealth* v. *Swain* should be applied,
rather than the rule in *Commonwealth* v. *Thurlow,* 24 Pick. 374,
and other similar cases cited in *Commonwealth* v. *Sheedy, ubi
supra.*   The motion to quash was rightly overruled.

4.  The defendant contends that there was a variance between
the complaint and the proof in two particulars, namely : first, in

that it did not appear that the building referred to was occupied by or under the control of the defendant; and secondly, that it did not appear that a turkey was raffled for and won by throwing or using dice but only the dead body of a turkey dressed for use as an article of food. It appeared that the defendant occupied and controlled the hotel building known as the Loveland House, except a small room on the ground floor which was used for a Chinese laundry.

One question presented is whether under this statute, there can be a conviction of a person who occupies a building other than a shop, if his occupation or control is of only a part of the building. It has been held under the statute which punishes as the maintenance of a common nuisance the keeping of a " building, place or tenement " used for the illegal sale or illegal keeping of intoxicating liquor, that an indictment for the keeping of a building cannot be sustained unless it is proved that the defendant kept the whole building. *Commonwealth* v. *McCaughey*, 9 Gray, 296. *Commonwealth* v. *Bossidy*, 112 Mass. 277. But this is because of the peculiar language of the statute, which recognizes a distinction between a building and a tenement in a building. The statute now in question is different. It punishes the offence when committed in a " house, shop or building." As to the culpability of the occupant, it recognizes no difference between a house and a part of a house, or a building and a part of a building. There is special mention of a shop, but there is no special provision referring to a part of a house or building if the part is not a shop. It cannot have been intended that guilt or innocence under the statute should depend upon whether the occupant of the building where the offence is committed occupies or controls the whole or only a part of the building. We are of opinion that one who suffers the prohibited act to be done in a building, is within the language of the statute if he is in only a part of the building and occupies or controls the part where he suffers the prohibited acts to be done, as well as when he occupies and controls the whole. Any other construction of the statute would render it nugatory except in those cases where he was in a shop, or where he occupied and controlled the whole building, however large it might be.

The next question is whether, when the building occupied by

him and under his control is only a part of the entire structure, it is necessary, according to the ordinary rules of pleading, to set out that fact, or whether it is enough to mention the building which he occupies or controls, leaving the rule of statutory construction applicable to the case, to cover the ambiguity as to the extent of his occupation or control. The complaint would have been more definite if, after the words "Loveland House", it had mentioned, under a *videlicet*, the part of the building used for hotel purposes. If we assume without deciding, that under general rules of pleading the complaint would be fatally defective in this particular in its application to the facts proved, we are of opinion that the R. L. c. 214, § 28, relieves the Commonwealth of difficulty. This statute is as follows: "No plea of misnomer shall be received to a complaint or indictment for violation of any law relative to lotteries, policy lotteries or policy, the selling of pools or registering of bets, or any form of gaming; but the defendant may be arraigned and tried and, if convicted, sentenced and punished under any name by which he is complained of or indicted. No such complaint or indictment shall be abated, quashed or held insufficient by reason of any alleged defect, either of form or substance, if the same is sufficient to enable the defendant to understand the charge and to prepare his defence. No variance between such complaint or indictment and the evidence shall be deemed material, unless in some matter of substance essential to the charge under the rule above prescribed." The variance is not material under this statute if the complaint is sufficient to enable the defendant to understand the charge and to prepare his defence. There can be no doubt that this complaint was sufficient in this particular. The defendant could not have been misled or left in doubt in regard to the charge against him, because the complaint failed to aver that his occupation and control of the hotel building known as the Loveland House did not include one small room on the ground floor rented to another person. The statute was intended to cover cases like this and plainly it is applicable.

5. It is clearly applicable to the other alleged variance in that the property referred to is described as a turkey, which in a complaint for larceny would mean a living turkey, when in fact it was a dead turkey. See *Commonwealth* v. *Beaman*, 8 Gray,

497. There is no doubt that the statute is applicable to the disposition of any kind of property, and the only question is whether the defendant was misled or sufficiently informed as to the charge. In *Commonwealth* v. *Hodgkins*, 170 Mass. 197, where the statute was held applicable to dead lobsters and to living ones, it was decided that there was no material variance between a complaint which charged the possession of lobsters and proof which showed the possession of dead lobsters. In common speech the word " turkey " is applied to a dead fowl sold in the market, as well as to a living animal. Under this statute we are of opinion that there was no variance which affected the rights of the defendant.

Although the subject was brought to our attention by the district attorney, it was not contended by the defendant's counsel that the part of the statute applicable to this case is unconstitutional. In *Commonwealth* v. *Robertson*, 162 Mass. 90, 96, it was said that, " The provisions of Article XII. of the Declaration of Rights, which secure to the accused person the right to have his crime or offence ' fully and plainly, substantially and formally, described to him,' only require such particularity of allegation as may be of service to him in enabling him to understand the charge and to prepare his defence." See also *Commonwealth* v. *Cody*, 165 Mass. 133, 137; *Commonwealth* v. *Dill*, 160 Mass. 536; *Commonwealth* v. *Hall*, 97 Mass. 570. We are of opinion that this provision of the statute is constitutional. In each case the entry will be

*Exceptions overruled.*