THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN FARSON, Respondent.

First Department, November 5, 1926.

Crimes — manipulating prices of securities in violation of Penal Law, § 953 — indictment — indictment charges crime of manipulating prices under Penal Law, § 953, and alleges that on and from certain date and thence to and including certain later date defendant did inflate and attempt to inflate market price of certain stock — not necessary to allege particular purchases and sales constituting crime — indictment is sufficient.

The indictment charging the defendant with a violation of section 953 of the Penal Law, which makes it a crime for any person to inflate, depress or cause fluctuation in the market prices of stocks, bonds or other evidences of indebtedness of a corporation by means of pretended purchases and sales thereof, sufficiently complies with section 275 of the Code of Criminal Procedure, since it charges that the defendant on and from the 29th day of April, 1919, and thence to and including the 17th day of July, 1919, feloniously did inflate and attempt to inflate the market price of the stock of a certain named corporation by means of pretended purchases and sales of such stock and by other fictitious transactions and devices, and since it sets forth the manner in which the alleged crime was committed.

The indictment was not insufficient on the ground that it failed to state the particular pretended purchases and sales which the prosecution intended to rely upon as establishing the essential elements of the crime.

MERRELL, J., dissents, with memorandum.

APPEAL by the plaintiff, The People of the State of New York, from (as stated in notice of appeal) a judgment and order of the Court of General Sessions of the City and County of New York,

entered in the office of the clerk of said court on the 2d day of December, 1924, allowing a demurrer to the indictment, with leave to the district attorney to resubmit the case to the same or another grand jury.

*Robert C. Taylor, Assistant District Attorney,* of counsel [*Joab H. Banton, District Attorney*], for the appellant.

*Robert S. Johnstone* of counsel [*Charles Albert Perkins* and *Stanley L. Richter* with him on the brief; *Saul S. Myers,* attorney], for the respondent.

MARTIN, J.   The grand jury of the county of New York returned two indictments against the defendant, one for a violation of section 951 of the Penal Law (as added by Laws of 1913, chap. 476) and the other for a violation of section 953 of the Penal Law (as added by Laws of 1913, chap. 253).

A motion to dismiss upon the grand jury minutes was granted with respect to the charge in the indictment for reporting and publishing fictitious transactions in securities under said section 951, with leave to the district attorney to resubmit the charge to the same or another grand jury (*People* v. *Farson,* 123 Misc. 351, 358), but the motion to dismiss the indictment charging manipulation of prices of securities under said section 953 was denied.   A superseding indictment having been filed under section 953 of the Penal Law, the defendant demurred thereto.   The court sustained the demurrer with leave to the district attorney to resubmit the case to the same or another grand jury.   The People have appealed to this court from the " judgment and order " allowing the demurrer although only an " order allowing demurrer " appears in the record on appeal, notwithstanding the record is entitled: " Papers on appeal from judgment allowing demurrer."

The grounds urged upon the demurrer were:  (1) That the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure, In that it does not contain a plain and concise statement of the act constituting the crime;  (2) That more than one crime is charged in the indictment within the meaning of, and in violation of, sections 278 and 279 of the Code of Criminal Procedure; and  (3) That the facts stated do not constitute a crime.   (See Code Crim. Proc. § 323.)

Under the modern law of indictments, it is not necessary to state all the constituent elements of the crime.   The test is that furnished by the statute, section 275 of the Code of Criminal Procedure, which requires a plain and concise statement of the act constituting the crime.   (*People* v. *Willis,* 158 N. Y. 392, 393; *People* v. *Knapp,* 206 id. 373, 384.)

This indictment charges the crime of manipulating prices under section 953 of the Penal Law, which makes it a crime for any person to inflate, depress or.cause fluctuation in the market prices of stocks, bonds or other evidences of indebtedness of a corporation by means of pretended purchases and sales thereof. It informs the accused that on and from the 29th day of April, 1919, and thence to and including the 17th day of July, 1919, he feloniously did inflate and attempt to inflate the market price of the stock of a certain corporation called Hercules Petroleum Company, by means of pretended purchases and sales of such stock and by divers other fictitious transactions and devices. It sets forth the manner in which the alleged crime was committed.

Matters of detail which it is contended by defendant should be set forth in the indictment belong properly to the evidence.·

In *People.* v. *Knapp* (*supra*, 384) the court said: " The particulars constituting the offense are matter of evidence which need not be set forth."

In *People ex rel. Phelps* v. *Court of Oyer & Terminer* (83 N. Y. 436) the court said: "At the outset, the indictment is assailed. It is claimed that the false pretense is insufficiently pleaded, and that the details of the fraud, showing how it operated to deceive through the action of the intermediate agents, should have been stated. Undoubtedly it is the rule that the indictment must specify at length the particulars of the fraudulent representation and show how it was effectual in accomplishing the fraud; it must be explicit enough to support itself, and must relate an intelligible story. (*The People* v. *Gates*, 13 Wend. 311.) But the pleading before us does not violate that rule. It alleges the false pretense particularly and explicitly. It states that the defendant pretended and represented to the mayor that the city was justly indebted to Davidson in the sum of $4,802, for materials furnished for the ninth district court-house by said Davidson, and that his bill for the same, a copy of which is recited, was a true statement of the account; and that Davidson had supplied the iron work and materials and the cartage, and the city had received the same for its proper uses. The indictment then avers specifically and separately the falsity of each of said representations, and the fraudulent intent with which they were made, and that thereby the mayor was induced to sign and deliver to Genet, the warrant drawn on the chamberlain. The allegations show sufficiently the character and circumstances of the false pretenses and how they were effectual to accomplish the fraud. It was said in *Thomas* v. *The People* (34 N. Y. 352), that it is sufficient to state and to negate one false pretense in an indictment, and if the pretense is ' capable of defrauding,' that is

sufficient. *The allegation that the accused pretended and represented to the mayor is sufficient without averring the channels or route by which the representations reached him. That is matter of detail and belongs properly to the evidence.* (*Skiff* v. *The People*, 2 Park. Cr. Rep. 139.) We think the indictment sufficiently stated the material circumstances of the accusation."

By the opinion of the Court of General Sessions it is indicated that, because the crime is the inflation and depression of securities through pretended purchases and sales, the particular purchases and sales are essential elements of the crime and must be set forth.

In *People* v. *Devinny* (227 N. Y. 397) the court held to the contrary, and said: "Where the crime consists of a series of acts continuous in their nature, such as carrying on a prohibited business, or keeping an unlawful resort, a general description reasonably including and describing the series will be sufficient. It is not necessary in such cases to set forth each act going to make up the offense, for, as said in *Commonwealth* v. *Pray* (13 Pick. 359, 362), ' it is not each or all the acts of themselves, but the practice or habit which produces the principal evil and constitutes the crime.' (*Ledbetter* v. *U. S.*, 170 U. S. 606; *State* v. *Carlisle*, 30 S. Dak. 475; *Sterne* v. *State*, 20 Ala. 43; *Lawson* v. *State*, Id. 65; *Commonwealth* v. *Swain*, 160 Mass. 354; *Commonwealth* v. *Coleman*, 184 Mass. 198.) "

The combined effect of all sales and purchases during the period set forth in the indictment may have constituted the crime and may have been necessary to produce the inflation or depression of prices. (*People* v. *Herlihy*, 66 App. Div. 534.)

The authorities not only fail to uphold the view taken in the Court of General Sessions but sustain the contention of the People that the indictment meets all the requirements of the Code of Criminal Procedure.

In *People* v. *Willis* (*supra*, 396) the court said: "The principal, if not the only question, involved in the appeal is whether the indictment states a criminal offense within the rules of pleading prescribed by sections 275 and 284 of the Code of Criminal Procedure. The contention on the part of the learned counsel for the appellants is that it does not, and various authorities have been cited in support of that contention. It should be observed that the many cases thus cited originated in jurisdictions where the strict rules of the common law with respect to criminal pleadings prevailed, or at least in jurisdictions where the more liberal rule enacted by statute in this State was not recognized. *An indictment is now good if it contains sufficient averments to inform the defendant of the nature of the accusation against him and enables him to prepare his defense,*

*and when the record may be admitted as a bar to a second prosecution for the same offense.* (*Pontius* v. *People,* 82 N. Y. 339.) We have recently had occasion to pass upon the sufficiency of an indictment for conspiracy that was much more imperfect in form and substance than the one contained in the record now before us. (*People* v. *Peckens,* 153 N. Y. 576.) It was there held that the old form of pleading in criminal actions had been abolished, and the rules by which the sufficiency of such pleadings is to be determined are those prescribed in the Code; that an indictment is sufficient if it can be understood therefrom that the act or omission charged as the crime is stated with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case; that no indictment is insufficient by reason of an imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant; that neither presumptions of law, nor matters of which judicial notice is taken, need be stated in the indictment."

The tendency of the times is to avoid technicalities and to simplify the form of indictment. The court in *People* v. *Seldner* (62 App. Div. 357, 360) pointed that out when it said: " The Code of Criminal Procedure (§§ 276, 284, 285) prescribes the form of indictments, and was intended to simplify rather than amplify the technical requirements of an indictment. This indictment was sufficient to warrant the conviction of appellant as a principal. It was not necessary to *plead the evidence which the People claim constituted aiding and abetting* the other defendants in the commission of the felony charged against them. The facts constituting the crime were fully stated. The evidence by which the People proposed to connect defendant with it is not set forth, but the facts are stated according to their legal effect."

In *People* v. *Corbalis* (178 N. Y. 516), relied upon by the court below, it was held that where the crime may be committed in several ways, the one upon which the indictment is founded must be set forth therein. The ground upon which the indictment was there held defective was that the defendant was not informed of the crime with such certainty that he could defend.

In *People* v. *Herlihy* (*supra*) it was held that an indictment of a police captain for neglect of duty which refers generally to houses " of ill-fame and prostitution," and alleges that " unlawful and disorderly conduct and practices were committed in each of such houses, and divers common prostitutes and disorderly persons resorted to and resided therein, and solicited men for the purpose of sexual intercourse therefrom and in front thereof," sufficiently characterized the houses.

If the indictment fully and fairly acquaints the defendant with the charge he must meet, it should be held sufficient.

In *Bork* v. *People* (91 N. Y. 5) the court said: " Where an offense may be committed by doing any one of several things, the indictment may, in a single count, group them together, and charge the defendant to have committed them all, and a conviction may be had on proof of the commission of any one of the things, without proof of the commission of the others."

This indictment clearly states that the crime with which the defendant is charged was committed by means of the pretended purchases and sales, during the period therein stated.

We, therefore, believe that the " judgment and order " or order sustaining the demurrer should be reversed and the demurrer overruled.

CLARKE, P. J., FINCH and BURR, JJ., concur; MERRELL, J., dissents.

MERRELL, J. (dissenting). I must dissent from the prevailing view of my associates. In my opinion the indictment before us is fatally defective in that it does not apprise the defendant of the act constituting the crime with the commission of which he is charged. Section 275 of the Code of Criminal Procedure provides that the indictment must contain " a plain and concise statement *of the act* constituting the crime   *   *   *." I think the defendant was entitled to be informed by the indictment of the act upon which the People will rely as constituting the offense, that he may understand it and be prepared to meet it and establish his innocence, if he be innocent. I think the right is a substantial and vital one to the defendant, not to be denied him because of uncertain relief through a bill of particulars. (*People* v. *Corbalis,* 178 N. Y. 516.) The indictment here charges no act constituting the crime, but, at most, the conclusion of the pleader.

I think, therefore, that the Court of General Sessions very properly held that this indictment did not meet the requirements of section 275 of the Code of Criminal Procedure, and I, therefore, must dissent from the prevailing opinion in this court and vote to affirm the order of the General Sessions sustaining defendant's demurrer to the indictment upon the grounds stated.

Order reversed and demurrer overruled. Settle order on notice.