THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GABRIEL BUSH, Appellant.

Court of Special Sessions, City of New York, Appellate Part, Second Judicial Department, April 30, 1931.

*William Davis,* for the appellant.

*William F. X. Geoghan, District Attorney [Harry Sefton* of counsel], for the respondent.

FETHERSTON, J. The defendant appeals from a judgment of conviction of disorderly conduct, under a plea of " guilty." The city magistrate's return discloses that the defendant was arraigned on February 1, 1931, " charged with violating the provisions of Chapter 14, Section 104 of the Ordinances of the City of New York, in that he did refuse to pay the amount of fare registered on a trip for which he hired the taxicab operated by the complaining witness." He was required to plead and pleaded guilty and sentence was suspended.

Counsel for appellant contends that the " information " before the magistrate does not state any facts constituting the crime of disorderly conduct, as defined by chapter 14, section 104, of the Code of Ordinances of the City of New York; and that since the information under which the plea was entered does not charge a crime, no jurisdiction was obtained and the plea of guilty being a plea to a crime not charged, was a nullity.

Chapter 14, section 104, reads as follows:

" § 104. Disputed fares. All disputes as to fare shall be determined by the officer in charge of the police station nearest to the place where the dispute is had; *failure to comply with such determination shall subject the offending party to a charge of disorderly conduct,* punishable by a fine of not exceeding $10, or, in default of payment thereof, by imprisonment for not more than 10 days." (Italics ours.)

The information before the magistrate having jurisdiction of the offense, to hear and determine and make a finding of guilt or innocence, is the foundation of his jurisdiction. It has uniformly been held to perform the same office as an indictment in a superior court and while it need not state the facts with the same preciseness as an indictment, the information must charge acts constituting a specific crime. It need not state all the elements of the crime charged, nor matter of detail constituting the offense. It must state the crime and contain a plain and concise statement of the act constituting the crime. In the case of *People* v. *Zambounis* (251 N. Y. 94) the court stated: " The information * * * must state the crime and the acts constituting it with the same particularity as an indictment * * *. The requirement that an indictment and an information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic

principle of justice and fair dealing, as well as a rule of law." While it is true that the court was speaking of an indictment (Code Crim. Proc. § 276) and an information required to be filed by the district attorney in the Court of Special Sessions (Code Crim. Proc. § 742), it is well settled that the same principle holds true of an information before the magistrate under section 145 of the Code of Criminal Procedure, namely, that where the information does not set forth any crime or any of the elements of a particular crime, it does not answer the requirements of the section. (*People ex rel. Clark* v. *Keeper,* 176 N. Y. 465; *People* v. *Farson,* 218 App. Div. 488; affd., 244 N. Y. 413; *People* v. *Zambounis,* 251 id. 94.)  While it is true that mere " irregularities," " errors " or " mistakes " not prejudicial to the substantial rights of a defendant may be waived, where a crime is stated in the information and which would have been waived by a plea of guilty had a crime been alleged, where no crime is charged in the information it has been uniformly held that this is not a mere technical error or defect, but a fundamental one affecting a substantial right and confers no jurisdiction upon the magistrate.

In the case of *People* v. *Rosenkrantz* (123 Misc. 335) this court reached the same conclusion.  Further, it was there correctly said that a defendant could not waive " the objection that the complaint does not set forth an offense."

An examination of the ordinance does not make the dispute of a bill or the refusal to pay it by one hiring a taxicab a crime or offense.  It provides that upon a dispute ensuing " the fare shall be determined " by an officer at the nearest police station, and " failure to comply with such determination shall subject the offending party to a charge of disorderly conduct."

The information under consideration does not designate any act constituting the crime or any of the elements of the crime which is made the offense under the ordinance, but charges something not designated as a crime or offense, namely, a dispute as to fare and a refusal to pay.

Judgment reversed on the law, the facts having been examined and no errors found therein, complaint dismissed and defendant discharged.

All concur; present, FETHERSON, HEALY and SOLOMON, JJ.