Van Voorhis, J.
(dissenting). These convictions should be reversed and the informations dismissed unless overcharges of rent were willfully made by defendant. His two convictions are identical except that they relate to different tenants. The counts in both informations follow the same form, to wit: *730 “ The defendant, on or about November 1, 1952, in the County of Kings, being an officer, employee, agent, owner and landlord of certain housing accommodations known as premises number 194 Eeid Avenue, unlawfully demanded, collected and received from Grover Brown, a tenant of Apartment B-3, of said premises, the sum of $75.00, as rent for the month November, 1952, which said sum of money received as rent was in excess of the maximum rent fixed by the Temporary State Housing Eent Commission as $34.00 per month.” (Italics supplied).
The statutes defining this crime are sections 10 (1) and 11 (2) of the State Eesidential Eent Law. Section 10 (1) reads as follows: “ It shall be unlawful, regardless of any contract, lease or other obligation heretofore or hereafter entered into, for any person to demand or receive any rent for any housing accommodations in excess of the maximum rent or otherwise to do or omit to do any act, in violation of any regulation, order or requirement hereunder, or to offer, solicit, attempt or agree to do any of the foregoing.”
This is the pertinent part of section 11 (2): “Any person who wilfully violates any provision of section ten of this act * * * shall, upon conviction thereof, be subject to a fine of not more than five thousand dollars, or to imprisonment for not more than two years in the case of a violation of subdivision three of section ten, and for not more than one year in all other cases, or to both such fine and imprisonment.”
Section 10 (1) creates no crime in the absence of section 11 (2). The latter section, pursuant to which appellant has been imprisoned for a year and fined $500, subjects a landlord to criminal prosecution only where he has willfully exacted excessive rent. There is an important difference between charging “ unlawful ” rent and doing so “ willfully ”. It frequently happens that only after protracted litigation can it be known how much is the lawful rent. The amount of the ‘ ‘ lawful ’ ’ rent is a fact, or, at least, is mixed law and fact. Willfully to receive unlawful rent means accepting it with knowledge of its character as excessive. It includes an element of knowing not only what has been done by the Legislature and the courts, but often also, the specific acts of administrative officials as well as the financial history of the subject real property. Drastic civil penalties are provided against landlords who receive excessive rent (cf. State Eesidential Eent *731 Law, § 11, subd. 5), and these may be enforced where the overcharges are merely unlawful. But in imposing criminal sanctions, the Legislature saw fit to require that such exactions should be willfully unlawful. In this context, the meaning of that term is clearly that a defendant shall be guilty only if he knowingly and intentionally charges a greater rent than the statutes and administrative law when applied to all of the circumstances permit (Kraus & Bros. v. United States, 327 U. S. 614; Yakus v. United States, 321 U. S. 414; United States v. Kroger Grocery & Baking Co., 163 F. 2d 168; United States v. Pepper Bros., 142 F. 2d 340; Bowles v. Hastings, 146 F. 2d 94; Blumenthal v. United States, 158 F. 2d 883; United States v. Renken, 55 F. Supp. 1). These Federal cases decided under the Emergency Price Control Acts (which also controlled rent) are exactly in point. It was the purpose of the Legislature, as it had been that of the Congress of the United States, to resort to criminal punishment only in instances where a defendant knowingly has violated price fixing regulations. In case of mere unlawful charges, the severe civil penalties were regarded as sufficient to compel law enforcement.
In these days of ever expanding bureaucracy, in almost every field of life, it is important that the sanctions of the criminal law should be reserved for infliction insofar as possible against willful violators. That is what the Legislature has done here. Multiplication of criminal prosecutions to enforce administrative rulings without moral guilt, paves the way toward a police state. It is immeasurably more important to maintain this principle than to lose whatever time may be necessary to establish whether this defendant’s rent violation was knowingly perpetrated. There are plenty of ways in which defendant can be brought to book if he deserved it, without distorting the criminal law at a point where it touches fundamental personal rights and liberties.
The defendant’s plea of guilty to counts in these informations which do not charge any crime is null and void. No crime is charged without alleging that defendant’s rent exactions were willful. Jurisdictional defects are not waived by pleading guilty (People v. Patrick, 175 Misc. 997; People v. Bell, 31 N. Y. Crim. Rep. 370; People v. Rosenkrantz, 123 Misc. 335; People v. Williams, 135 Misc. 564; People v. Lindner, 133 Misc. 728; People v. Bush, 140 Misc. 59; People v. Huyck, 171 Misc. 467; *732 cf. dissenting opinion per Fuld, J., in People v. Jacoby, 304 N. Y. 33, 49-50, in this respect not at variance with the majority).
This information does not charge all of the acts necessary to constitute the crime even by inference, as was the case in People v. Bogdanoff (254 N. Y. 16, 32). Endeavoring to conform these informations to the Bogdanoff rule, the District Attorney here argues ‘ ‘ that 1 unlawfully ’ is synonymous with ‘ wilfully ’ and ‘ knowingly ’ ”. The answer is that these words as here employed are not synonymous.
The judgments appealed from should be reversed and the second counts in both informations should be dismissed, but with leave to amend them so as to charge defendant with the willful exaction of these rents.
Judgments affirmed.