## UNITED STATES v. BYRNE.

*(District Court, E. D. Missouri, E. D.   December 9, 1890.)*

1. OFFENSES AGAINST POSTAL LAWS—EMBEZZLEMENT OF LETTERS—INDICTMENT—DU-
PLICITY.
    Though under Rev. St. U. S. § 5467, "embezzling a letter" and "stealing its con-
    tents," are separate offenses, and may be charged as such, the offenses are of the
    same grade and subject to the same penalty, and hence they may both be charged
    in a single count of the indictment, stating the whole transaction as a single of-
    fense, when both acts are committed by the same person at the same time, and
    constitute a single continuous act.

2. SAME—REPUGNANCE.
    Averments in such an indictment that the letter was secreted, embezzled, and
    destroyed, and that its contents were stolen, are not repugnant.

On Demurrer to Indictment.

The first count of indictment is as follows: "That Lee M. Byrne,
late," etc., "at," etc., "heretofore," etc., "being then and there a person
employed in a department of the postal service of the United States,—
that is to say, a clerk in the post-office of the United States at Piedmont,
in the state of Missouri,—unlawfully and feloniously did then and there
secrete, embezzle, and destroy a letter then and there intrusted to him,
said Lee M. Byrne; and that came into his possession as such post-office
clerk, and which said letter was then and there registered matter, and
intended to be conveyed by mail, and forwarded through said post-office
at Piedmont, and delivered to one Mrs. S. M. W., to whom said letter
was then and there addressed, at the post-office of the United States at
the city of Detroit, in the state of Michigan, which said letter then and
there contained the certain articles of value, that is to say, one United
States treasury note X of the denomination of ten dollars, of the value
of ten dollars, [nine other notes are then described,] and said ten articles
of value being then and there the property of one C. H. T., and which
said letter and each of said articles of value, the said Lee M. Byrne did
then and there feloniously and unlawfully embezzle, and fraudulently
and feloniously convert to his own use, and did then and there feloni-
ously steal and take each of said articles of value out of said letter, and
carry away the same, contrary to the form of the statutes of the United
States in such case made and provided, and against its peace and dig-
nity."   The second count is for another letter to another party with other
notes.   The indictment was demurred to for the reasons, among others,
that the counts were bad for duplicity, and that the allegations were re-
pugnant.

*George D. Reynolds,* U. S. Atty.

*C. D. Yancey* and *C. A. Davis,* for defendant.

THAYER, J.   In both counts of the indictment it is averred, in sub-
stance, that the defendant "feloniously secreted, embezzled, and de-
stroyed" the letter therein described, and "feloniously stole and took out
of said letter" the articles of value therein contained, to-wit, treasury

notes and silver certificates. It may be conceded that under the provisions of section 5467, on which this indictment is framed, "embezzling a letter" and "stealing its contents," are separate offenses, and may be charged as such. *Vide U. S.* v. *Taylor*, 1 Hughes, (U. S.) 514; *U. S.* v. *Harmison*, 3 Sawy. 556; and *U. S.* v. *Falkenhainer*, 21 Fed. Rep. 624. It may be further conceded that it is a fundamental rule of criminal pleading that two offenses should not be alleged in the same count, and that a count is ordinarily defective in which more than one offense is alleged. Still the court is of the opinion that the present indictment cannot be successfully attacked on the ground of duplicity in the several counts. There seems to be a well-defined exception to the rule of pleading above stated to the following effect: When two acts, capable of being counted upon as distinct offenses, are committed by the same person, at the same time, so that they may together be regarded as a single continuous act, it is optional with the pleader to count upon them separately as distinct offenses, or to state the whole transaction in a single count as constituting a single offense, provided both offenses are of the same grade, and the punishment for each is the same. If the latter method of stating the offense is adopted, but a single penalty can be imposed. In *Com.* v. *Tuck*, 20 Pick. 356, the indictment charged in one and the same count that the defendant "broke into a shop with intent to steal," which was a felony, and that "he did then and there steal," which was likewise a felony. The court held that the count was not bad for duplicity. So in the case of *Hinkle* v. *Com.*, 4 Dana, 518, an indictment charged the defendant in one and the same count with "setting up a gaming table," and "keeping a gaming table and inducing others to bet thereat,"—both of which were independent offenses. The court held the count good, saying, in substance, that, as they were co-operating acts constituting altogether one offense, when committed by the same person at the same time, an indictment for the combined act might properly charge the whole transaction in one count, and but one punishment could then be inflicted. The case at bar falls within the principle of these decisions. The indictment alleges that the defendant secreted and embezzled a letter, and stole its contents. The acts in question are alleged as having been committed at the same time, and as together constituting a single act or transaction. The two offenses are of the same grade, and the punishment of each is the same. The defendant is none the less guilty of embezzlement of the letter, because he stole its contents, and *vice versa*. In other words, the two allegations contained in the counts are neither inconsistent or uncertain. Under the circumstances, if the government sees fit to plead as it has done, thereby making one offense out of a transaction that it might have broken up into two, it is, in my judgment, entitled to do so, and the defendant has no just cause for complaint. The objection that the allegations of the indictment are repugnant, "because it is first alleged that the letter and its contents were destroyed, and is subsequently alleged that the contents were embezzled and stolen," seems to be founded on a misconception of what is averred. The indictment does not aver that the contents of the letter were destroyed. It avers that the letter was

secreted, embezzled, and destroyed, and that the contents—to-wit, treasury notes and silver certificates—were stolen. So far as I can see the averments are not repugnant, and the demurrer must be overruled. It is so ordered.