UNITED STATES v. CUTAJAR.

(Circuit Court, S. D. New York. February, 12, 1894.)

1. CUSTOMS DUTIES—FRAUDULENT ENTRIES.

Loss of lawful duties is not a necessary element of the crime of making a fraudulent entry of merchandise, under section 9 of the customs administrative act (26 Stat. 131), and therefore the crime can be committed by an entry of cheese by means of false and fraudulent papers, notwithstanding the fact that cheese is subject to a specific duty of so much a pound, the weight to be determined by the public weigher, and not by the papers connected with the entry.

2. SAME—INDICTMENT—DUPLICITY.

An indictment under this section is not double because it charges in a single count a false and fraudulent entry by means of a false and fraudulent affidavit, a false and fraudulent paper, and a false and fraudulent written statement, as the making of these are all acts connected with the same transaction.

This is an indictment against William Cutajar for violating section 9 of the customs administrative act of June 10, 1890, by making an entry of imported cheese by means of a false invoice and other papers. Heard on demurrer to the indictment.

The section in question reads as follows:

"That if any owner, importer, consignee, agent, or other person shall make or attempt to make any entry of imported merchandise by means of any fraudulent or false invoice, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance whatsoever, or shall be guilty of any wilful act or omission by means whereof the United States shall be deprived of the lawful duties, or any portion thereof, accruing upon the merchandise, or any portion thereof, embraced or referred to in such invoice, affidavit, letter, paper, or statement, or affected by such act or omission, such merchandise, or the value thereof, to be recovered from the person making the entry, shall be forfeited, which forfeiture shall only apply to the whole of the merchandise or the value thereof in the case or package containing the particular articles of merchandise to which such fraud or false paper or statement relates; and such person shall, upon conviction, be fined for each offense a sum not exceeding five thousand dollars, or be imprisoned for a time not exceeding two years, or both, in the discretion of the court."

Henry C. Platt, U. S. Atty., John O. Mott, Asst. U. S. Atty., and Lucius E. Chittenden, for the United States.

Abram J. Rose, for defendant.

BENEDICT, District Judge. This case comes before the court on a demurrer to an indictment found under section 9 of the customs administrative act of June 10, 1890, in which the accused is charged with making an entry of imported cheese by means of a false invoice and other papers described.

Two points have been presented for the determination of the court. The first is whether the loss of lawful duties on the merchandise is a necessary element of the crime created by section 9. In my opinion it is not. As I read the statute, the words, "by means whereof the United States shall be deprived of the lawful duties, or any portion thereof, accruing upon the merchandise, or any portion thereof," qualify only the previous words, "any wilful act or omission." This being so, the crime created by section 9 can be committed by an entry of cheese, notwithstanding the

fact that cheese is subject to a specific duty of so much a pound, the amount of which is determined by the weight made by the weigher, and not by the papers connected with the entry. If this were otherwise, I am not prepared to say that the crime created by the statute in question could not be committed by making a false entry of imported merchandise, subject to a specific duty charged according to its weight as ascertained by the government weigher, by means of an invoice in which the weight of the merchandise is falsely stated. It is not impossible that a loss of duty might accrue to the United States under some circumstances by means of such a false invoice. An invoice is important for the purpose, among other things, of enabling the correctness of the weigher's return of the weight to be tested. In this case, —of which I can speak, because the weigher who weighed this cheese was tried before me for making a false return,—if the invoice in question had stated the correct weight of the cheese, it may well be presumed that the falsity of the weigher's return would have been at once discovered, and the lawful duties accruing upon the merchandise collected, instead of the lesser sum that was paid. A correspondence between a false invoice and a false weigher's return doubtless facilitates the entry of the goods upon payment of less than the legal amount of duties, and so may be a means whereby the United States shall be deprived of the lawful duty on the merchandise. However, as the statute reads, in my opinion the crime provided for in section 9 can be committed by an entry of imported merchandise by means of a false invoice, notwithstanding that the merchandise is subject to a specific duty of so much a pound, as ascertained by weighing it at its landing.

The next question presented is whether the indictment is double because it charges in a single count a false and fraudulent entry by means of a false and fraudulent affidavit, a false and fraudulent paper, and a false and fraudulent written statement. In my opinion, the point is not well taken. "When a statute makes two or more distinct acts connected with the same transaction indictable, each one of which may be considered as representing a stage in the same offense, those which are actually done in the course and progress of its commission may be coupled in one count." Heard, Cr. Pl. p. 128. In this instance the making of the affidavit, the invoice, and the statement, were all acts connected with the same transaction, and represent a stage in the same transaction, viz. the entry of the cheese described. In my opinion, the indictment is not double. There must be judgment for the United States upon the demurrer, with liberty to the defendant to plead.