UNITED STATES v. SIXTY–SIX CASES OF CHEESE et al.

UNITED STATES v. SEVENTY–NINE BAGS OF CHEESE.

(District Court, E. D. New York. February 22, 1908.)

CUSTOMS DUTIES—FORFEITURE—COMPLETED FRAUD.

Construing Customs Administrative Act June 10, 1890, c. 407, § 9, 26 Stat. 135 (U. S. Comp. St. 1901, p. 1895), providing that if any person "shall make or attempt to make any entry of imported merchandise by means of any fraudulent or false invoice, * * * by means whereof the United States shall be deprived of the lawful duties, * * * such merchandise * * * shall be forfeited," *held*, that it is not essential that there should be a completed fraud upon the United States, but that it is enough if the act or attempt is of a character calculated to deprive the United States of duty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, §§ 263, 264.]

In Rem. On information for forfeiture.

The full titles of these two cases are United States v. Sixty-Six Cases of Cheese, Fifty Cases of Cheese, and Twenty-Five Bags of Cheese (Constantine M. Crapsitis, Claimant), and United States v. Seventy-Nine Bags of Cheese (Michael Pollis, Claimant).

William J. Youngs, U. S. Atty., and S. Brewster Strong, Asst. U. S. Atty.

Everit Brown, for claimants.

CHATFIELD, District Judge. An information has been filed against a certain quantity of cheese seized by the agents of the Treasury Department after entry. The cheese had been imported subject to a specific duty, and the formal entry at the Custom House is charged to have been made by means of a certain false and fraudulent invoice, known to the importer to be false, in that the quantity of cheese was understated. The forfeiture is based upon the provisions of Act Cong. June 10, 1890, c. 407, § 9, 26 Stat. 135 (U. S. Comp. St. 1901, p. 1895).

Criticism of this information is made because no allegation is contained therein showing a completed fraud upon the United States. This is based upon the decision in the case of United States v. Ninety-Nine Diamonds, 139 Fed. 961, 965, 72 C. C. A. 9, 13, 2 L. R. A. (N. S.) 185, in which the court says:

"Section 9 creates and prescribes a punishment for no act which does not deprive the United States of some of its lawful duties."

The language of section 9 is:

"That if any owner, importer, consignee, agent, or other person shall make or attempt to make any entry of imported merchandise by means of any fraudulent or false invoice, * * * by means whereof the United States shall be deprived of the lawful duties or any portion thereof, accruing upon the merchandise or any portion thereof, embraced or referred to in such invoice, * * * such merchandise * * * shall be forfeited. * * *"

The case of United States v. Ninety-Nine Diamonds, supra, discusses what may be the effect of the words "by means whereof the United States shall be deprived of the lawful duties," and, while it applies these words to every portion of the statute, the entire decision is directed to the point that an actual defrauding of the government must be involved in the consequences of the fraudulent act. On page 971 of 139 Fed., page 19 of 72 C. C. A. (2 L. R. A. [N. S.] 185), the court uses the following language:

"As there is no evidence that it deprived, or was intended to deprive, the government of any of its revenues, the use of it did not constitute an offense under the law."

The prior cases of United States v. Cutajar (C. C.) 60 Fed. 744, and United States v. Rosenthal (C. C.) 126 Fed. 766, are in point, and are not overruled by the case of United States v. Ninety-Nine Diamonds, supra, which differs from them on the other proposition. The case of United States v. Boyd, 24 Fed. 692, seems to more nearly state (at page 694) the effect of section 9, in so far as the question now under discussion is concerned. The court says:

"If the act or attempt is to enter merchandise by a false statement, etc., of a character which is calculated to deprive the United States of duty, the statute is satisfied. The use of the future tense is consistent with this interpretation. If the statute had used the word 'will,' instead of 'shall,' no one would doubt that this would be the meaning."

While this case arose under the former statute, nevertheless the language considered is entirely the same, and the decision applicable to the present situation.

The exceptions to the information will be overruled.