## THE UNITED STATES OF AMERICA *vs.* LEAU HUNG.

### May 7, 1910.

*Indictment—Duplicity:* An indictment is not duplicitous which charges in a single count conjunctively the several things which a statute enumerates disjunctively and provides for their commission the same penalty.

*Same—Election between counts:* Where two or more distinct offenses are properly charged in separate counts in an indictment, the government will not be required to elect before the trial upon which one of such counts it will proceed against the defendant, unless it appears that the defendant would be prejudiced or embarrassed without such election.

*Criminal Law:* Demurrer to indictment, and motion to

compel election between counts. Indictment under act of Congress passed February 9, 1909 (35 Stat. L. 614).

*R. W. Breckons,* U. S. District Attorney, for the United States.

*Douthitt & Coke,* for the Defendant.

ROBERTSON, J. An indictment under the act of February 9, 1909, contains two counts, the first of which charges that the defendant did unlawfully import and bring into the United States from some foreign country smoking opium and opium prepared for smoking, and the second of which charges that he did unlawfully, etc., "receive, buy, sell and conceal, and facilitate the purchase, sale, receipt, and concealment of smoking opium and opium prepared for smoking," theretofore imported contrary to law, he, the defendant, well knowing said opium to have been so imported.

Defendant demurs to both counts on the ground of duplicity, and to the second count also on the ground of uncertainty and ambiguity.

He has also filed a motion to compel the government to elect upon which count it will proceed to trial. This motion he asks to be considered in the event that the demurrer should be overruled.

The indictment follows the language of the statute, and a similar indictment was upheld in this court in the case of *United States v. Charlie Ah Foo,* decided March 12, 1910, (Ante p. 487), though the exact points here involved were not raised there.

The title of the act is "An act to prohibit the importation and use of opium for other than medicinal purposes." The first section of the act prohibits the importation of opium after the first day of April, 1909, and the second section prohibits the doing of certain acts with reference to illegally imported opium after its importation, all of which were designed to prevent the traffic in contraband opium.

The contentions made in support of the demurrer encounter the well established principle that when a statute makes it a crime to do one of several things which are mentioned disjunctively, all of which are punished alike, those things may be charged conjunctively in a single count in an indictment without incurring the fault of duplicity, and the rule that when two or more acts are each indictable they may be coupled in the one count whenever they can be regarded as representing phases of one general transaction. *United States v. Byrne,* 44 Fed. 188; *United States v. Cutajar,* 60 Fed. 744; *Bridgeman v. United States,* 140 Fed. 577; *Com. v. Coleman,* 184 Mass. 198; *State v. Fidler,* 148 Ind. 221.

In *Crain v. United States,* 162 U. S. 625, 636, wherein was considered an indictment under section 5421 of the Revised Statutes, prohibiting the false making, altering, forging or counterfeiting, and the causing, procuring or assisting in the false making, altering, forging, or counterfeiting of any deed, etc., the court said:

" The evil that Congress intended to reach was the obtaining of money from the United States by means of fraudulent deeds, powers of attorney, orders, certificates, receipts or other writings. The statute was directed against certain defined modes for accomplishing a general object, and declared that the doing of either one of several specified things, each having reference to that object, should be punished by imprisonment at hard labor for a period of not less than five years nor more than ten years, or by imprisonment for not more than five years and a fine of not more than one thousand dollars. We perceive no sound reason why the doing of the prohibited thing, in each and all of the prohibited modes, may not be charged in one count, so that there may be a verdict of guilty upon proof that the accused had done any one of the things constituting a substantive crime under the statute."

The same principle applies to the case at bar. The importing and bringing into the United States, alleged in the first count, and the receiving, buying, selling and concealing, and the facilitating thereof, alleged in the second count, are all acts pertaining

to the condemned traffic, and being alleged to have been committed by the defendant at the same time and place, are properly regarded as representing steps or phases of the same general transactions, the importation and the subsequent traffic.

Proceeding now to the consideration of the motion that the government be required to elect upon which of the two counts it will proceed to trial, it is to be noted that counsel for the defendant admits that the motion is addressed to the discretion of the court, the contention being that in this case the discretion should be exercised in favor of the motion in order to prevent prejudice and embarrassment to the defendant in the preparation of his defense.

The statute (R. S., sec. 1024) permits the charging of several distinct felonies of the same class in separate counts in one indictment, and gives the court power to order the consolidation of indictments in such cases for trial. The fact that defendants often ask for such consolidation shows it is sometimes advantageous from the standpoint of the accused to have several pending charges tried and disposed of at once. It tends to save time and expense. One verdict would end the whole matter. A consolidation would not likely be requested if it tended to prevent the proper preparation of the defense.

The presence of the two counts in the indictment here under review ought not, in my judgment, to prejudice the accused in the preparation of his defense. He must know whether he has done any of the things with which he is charged. Possibly he is entirely in the dark as to what evidence the government intends to produce against him, but if, at the trial, he should be surprised, he would, upon a proper showing, be entitled to an opportunity to secure the attendance of witnesses, and to time for any legitimate purpose connected with his defense.

In *Pointer v. United States,* 151 U. S. 396, 403, the court, after stating the general rule applicable to the matter of compelling the prosecution to elect between counts, said:

" In the present case, we cannot say from anything on the

face of the indictment that the court erred or abused its discretion in overruling the defendant's motion to quash the indictment or his motions for an election by the government between the two charges of murder. The indictment showed that the two murders were committed on the same day, in the same county and district, and with the same kind of instrument. These facts alone justified the court in forbearing, at the beginning of the trial, and before the facts were disclosed, to compel an election by the prosecutor between the two charges of murder."

The indictment in this case alleges the commission of the several acts charged in the two counts as on the same date; they are, apparently, related acts, and there is nothing in the record tending to show that the defendant will be prejudiced in any way by having to proceed to trial on both counts.

The demurrer is overruled, and the motion is denied.