## UNITED STATES v. DIXON.

District Court, S. D. New York.
Aug. 9, 1934.

Martin Conboy, U. S. Atty., of New York City (J. Randall Creel, Asst. U. S. Atty., of New York City, of counsel), for the United States.

David Paley, of New York City, for defendant.

HULBERT, District Judge.

The statute (section 1591, title 19 USCA) is ambiguous, and while, so far as I have been able to ascertain, this is the first application to construe it, the decisions in the various circuits interpreting sections of preceding acts of substantially the same purport are so conflicting that in the interest of justice I feel constrained to grant the motion dismissing the first, second, and third counts of the indictment in order that the Treasury Department may have plenty of opportunity to prepare and present an amendment to the Congress of the United States which will clarify the act in question.

The section reads as follows:

USCA title 19, § 1591: *"Fraud—Personal Penalties.* If any consignor, seller, owner, importer, consignee, agent, or other person or persons enters or introduces, or attempts to enter or introduce, into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, declaration, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance whatsoever, or makes any false statement in any declaration under the provisions of section 1485 of this chapter (relating to declaration on entry) without reasonable cause to believe the truth of such statement, or aids or procures the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, or is guilty of any willful act or omission by means whereof the United States shall or may be deprived of the lawful duties, or any portion thereof, accruing upon the merchandise, or any portion thereof, embraced or referred to in such invoice, declaration, affidavit, letter, paper, or statement, or affected by such act or omission, such person or persons shall upon conviction be fined for each offense a sum not exceeding $5,000, or be imprisoned for a time not exceeding two years, or both, in the discretion of the court:

"Provided, That nothing in this section shall be construed to relieve imported merchandise from forfeiture by reason of such false statement or for any cause elsewhere provided by law. (June 17, 1930, c. 497, Title IV, § 591, 46 Stat. 750.)

For convenience, the section might be analyzed as follows: (a) The heading "Fraud—Personal Penalties"; (b) the use of any false or fraudulent practice in the entry of an imported article; (c) any willful act or omission by means whereof the United States shall or may be deprived of the lawful duties; (d) the saving clause excepts imported merchandise from forfeiture by reason of such false statement or for any cause elsewhere provided by law, and therefore excludes any case coming within the category (c).

The provisions of this statute are substantially the same as those of the act of September 21, 1922, c. 356, title 4, § 591, 42

Stat. 981 (19 USCA § 493), and the enactment of August 5, 1909, c. 6, § 28, 36 Stat. 95 to 97.

A statute similar to the one in question was first enacted in the Customs Administrative Act of June 10, 1890, c. 407, §§ 6 and 9, 26 Stat. 134 and 135.

It is contended in this case that the government's proof will show that the defendant, Thomas Dixon, imported two shipments of alleged whisky, and that he made, or caused to be made, on entry through customs, false statements and false declarations on entry. On each entry the assertion was made that the imported merchandise was Old Crow Whisky American Type Rye, when in truth and in fact the merchandise was alcohol (neutral spirits) and caramel coloring, that the defendant knew the true nature and quality of the merchandise, and that he did not have reasonable cause to believe the truth of the statement and representation made on the customs declaration signed by him.

It is conceded that the government's proof will not show any intent to deprive the United States of its lawful revenue because it is conceded the duty has already been paid or will be paid. Therefore the question raised by this motion is whether the loss of lawful duty is a necessary element in the crime of making a fraudulent statement on entering merchandise through customs.

The earliest case in point is United States v. Cutajar (C. C. S. D. N. Y., Feb. 12, 1894) 60 F. 744. Appeal dismissed, 17 S. Ct. 993, 41 L. Ed. 1185, 1897. The indictment in this case charged the defendant with violating section 9 of the Customs Administrative Act of June 10, 1890, by making a false invoice and other papers in connection with an entry of imported cheese. By demurrer, the question was raised whether the loss of duty to the United States government is a necessary element of the crime created by this statute. The court held that it was not.

In the case of United States v. Rosenthal, 126 F. 766, 776 (C. C. S. D. N. Y., November 17, 1903), the indictment charged the defendant with making false entries on customs declaration on a shipment of silk with intent to deprive the United States of revenues. In construing said section 9, the court said that it is equivalent to this: "That the use of a fraudulent or false invoice in an entry made or attempted shall be criminal; and so the use of an affidavit, letter, paper, or false statement; and so any false or fraudulent practice or appliance. Any such means employed in making or attempting the entry Congress was willing to command should be punished, whether pecuniary injury to the government was present or absent. Then Congress adds the further provision that, if any person shall be guilty of a willful act or omission, he shall be punished, provided such act or omission results in the deprivation of the United States of lawful duties. A willful act or omission might not in itself be fraudulent, and it might in itself, save as a matter of infraction of discipline, be entirely harmless, and it might occur in such a great variety of ways that Congress was unwilling to attach the punishment to it, unless it was the proximate cause of the government losing revenue."

In the Eighth Circuit, in the case of United States v. Ninety-Nine Diamonds (C. C. A.) 139 F. 961, 2 L. R. A. (N. S.) 185 (1905), it was held that it is necessary that the United States be deprived of its lawful revenue in order that a crime be proved under this statute.

The principal point of contention between the two cases in the Second Circuit and the case in the Western Circuit came before District Judge Holt in the case of United States v. Seventy-Five Bales of Tobacco (C. C. A.) 147 F. 127, 128 (1906). In overruling the demurrer, he said: "The cases in this Circuit hold that it is not essential that that should have taken place; and I concur in that view as a question of opinion, though it would be my duty to follow it in any case, irrespective of my personal opinion."

When the case came to trial before District Judge Holt, he directed a verdict for the defendant, and, on writ of error to review his decision, while the Circuit Court of Appeals, Second Circuit, affirmed the judgment, said: "A mere mistake in the description of imported merchandise unaccompanied by acts from which an intent to defraud may be presumed is, in our judgment, insufficient to justify a forfeiture under this section"—citing, with approval, United States v. Ninety-Nine Diamonds, supra.

The most recent case to reaffirm the rule enunciated in the Cutajar and Rosenthal Cases in this circuit that a crime is committed by making false customs declarations even in the absence of intent to deprive the United States of revenue is United States v. 1,250 Cases of Liquor (D. C. S. D. N. Y., Oct. 14, 1922) 286 F. 260, 264. This was a libel by the United States against the schooner Henry L. Marshall. It was not sought to impose a personal penalty under

the statute (paragraph H of section 3 of the Tariff Act of 1913 [38 Stat. 183]), a statute very similar to the one under consideration here.

District Judge Hazel said: "The qualifying words of paragraph H, section 3, relating to deprivation of lawful duties, are not believed to be an essential element of the offense, since it comprehensively and in broad terms declares it to be an offense to 'enter or introduce' merchandise into the commerce of the United States by any false or fraudulent practice."

It appears that the government sought to present the case of United States v. Ninety-Nine Diamonds, to the Supreme Court, and the petition for a writ of certiorari was denied, 201 U. S. 645, 26 S. Ct. 760, 50 L. Ed. 903.

In view of the foregoing, it seems to me that, in order to relieve importers from the embarrassment of this ambiguous statute, and to facilitate the customs officials in the prompt and efficient administration of the law, the statute should be clarified.

Motion granted; settle order on two days' notice.